## Charles Vowinckel, Plff. in Err., *v.* Calvin M. Patterson.

Under the act of April 13, 1840, which provides for the partition by the orphans' court of the real estate of decedents in cases of testacy, wherein the course of descent is not altered, the orphans' court has no jurisdiction where lands are devised to six out of eight heirs at law. In that case the course of descent is changed and the devisees take as purchasers.

The act of April 25, 1850, does not extend the act of April 13, 1840, to this case.

(Argued May 24, 1887. Decided June 1, 1887.)

July Term, 1886, No. 79, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Reargument of writ of error to the Common Pleas of Blair County to review a judgment for the plaintiff on a case stated. Reversal sustained.

The facts as presented by the case stated appear by the report of the decision filed October 4, 1886, 114 Pa. 21, 6 Atl. 470.

Upon January 24, 1887, the supreme court made the following order: "Reargument ordered. The attention of counsel is invited to the question whether the act of April 25, 1850, which construes the act of April 13, 1840, and extends its provisions to future cases, applies to this case. The prothonotary will issue process to bring up the record in this case." 2 Pa. S. C. Dig. 34.

*Aug. S. Landis,* for plaintiff in error.—This court reversed

NOTE.—This case is a rehearing of Vowinckel v. Patterson, 114 Pa. 21, 6 Atl. 470.

the judgment entered against Vowinckel by the court below for purchase money upon land decreed to Patterson on a proceeding in partition in the orphans' court, because, as it was a case of testacy and the course of descent was altered by the will of the decedent, the orphans' court, under § 4 of the act of April 13, 1840, had no jurisdiction. The section reads as follows:

Sec. 4. "The jurisdictions of the several orphans' courts of this commonwealth, in the partition and valuation of the real estates of decedents, shall extend to all cases of testacy wherein the parties interested or any of them are minors, or the course of descent is not altered by the provisions of the last will and testament of the decedent, and the same proceedings shall be had thereon as in cases of intestacy; subject always, however, to the provisions of the said last will and testament and the true intent and meaning of the testator; Provided, however, That nothing in this section contained shall be construed to prevent any of the parties interested in the said real estate from proceeding by action of partition as heretofore."

It will be observed there are two classes of cases in which the orphans' court may partition lands devised by will, *viz.*, first, where any of the parties interested are minors; and second, where the course of descent is not altered by the will. This case coming under the second inhibition, this court held that the orphans' court had no jurisdiction and reversed the judgment of the court below.

But attention is now called to § 5 of act of April 25, 1850, which reads as follows:

"The provisions of the said § 3 of the act of April 13, 1840, according to the meaning thereof as declared by § 1 of this act, shall extend to all cases which have heretofore arisen and which may hereafter arise within this commonwealth."

Section 3 of the act of April 13, 1840, reads as follows:

"All proceedings heretofore had in orphans' courts of this commonwealth for the partitions of any testator's estate or estates, wherein partition hath been made or the property taken at the valuation or sold and conveyed under the order of such court, by executors or administrators, and the proceeds of such sales distributed according to the will of the testator, shall be considered and taken to be as valid and effectual as if such courts had had jurisdiction of the same."

Section 3 of the act of 1840 is, by § 5 of the act of 1850, ex-

tended to all such cases "which may hereafter arise," which may be "according to the meaning thereof as declared by the first section" of the act of April 25, 1850, which reads as follows:

Section 1 of act of April 25, 1850.

"The provisions of the 25th section of the act of assembly of March 29, 1832, entitled 'An Act Relating to Orphans' Courts,' which requires executrices in certain cases to give security, shall be construed to embrace all cases therein specified, whether there are minors concerned in the estate or not and whether she is sole executrix or otherwise."

The section of the act of 1832 here referred to only required executrices who were married, or were about to marry, to give security; but by the above § 1 of the act of 1850, it is seen that in all cases executrices shall give security.

Now it will be observed this first section of the act of 1850 relates solely to executrices and requires them to give security in all cases. So when § 5 of the act of 1850 provided that § 3 of the act of April 25, 1840 (which was a validating section for previous partitions), should extend to cases hereafter arising, according to the meaning thereof as declared by § 1 of the act of 1850, it meant simply that, in future partitions in cases of testacy, if there was a testatrix she should give security. This is the meaning of the first section of the act of 1850, and when cases hereafter arising are to be treated as valid according to that meaning, then they are valid if there is a testatrix named in the will and she has given security. In this case there was no executrix. There were executors named in both wills.

Section 3 of the act of 1840 is a validating section for partitions previously made of estates which had been devised by will. It cured any defects therein. It is immediately followed by § 4, which forbids the jurisdiction of the orphans' court where the course of descent is altered. When the legislature thought it necessary to condone some errors of the past, it considered it necessary to say what should be done in the future— and that was, in two classes of cases of testacy, the orphans' court should not have jurisdiction. To claim that § 5 of the act of 1850 validates all violations of the law in the future is to claim too much.

If this argument is sound, there is no imaginable case of testacy in which partition would not be in the orphans' court; and besides, the other important provisions of § 4 would be

swept away. Nor would it matter what omissions of necessary acts as now recognized, nor commissions of wrongful acts the parties might be guilty of; all would be corrected by this potent § 5 and every partition be valid, no matter who was wronged or defrauded, or in what manner it was done. It would operate as a repeal of all law on the subject, and all methods of procedure would be conformed either to interest or caprice.

If the legislature by the act of 1850 had intended to repeal § 4 of the act of 1840, it could easily have said so. It made no reference to it. It did say, however, that all cases of partition which had arisen, or which might hereafter arise, should be valid according to the first section of the act of 1850—that is, if in past cases there were executrices, the partitions shall be valid, if they had not given bail; and in future cases executrices must be required to give bail.

It is claimed on the other side that the expression in § 5 of the act of 1850, "as declared by the first section of this act," should read: "as declared by the fourth section of this act;" in other words, that it is a typographical error. The said fourth section was one declaring the meaning of § 3 of the act of 1840, but limited it to one class of cases,—*viz.,* cases of testacy where the devise to a devisee "had become lapsed," or "had become forfeited," or "the devisee had refused to take or accept the same."

The case in hand exhibited no one of these three conditions. The will of Isaac Thompson named as his devisee certain persons and excluded others. Those who were excluded would have been his heirs at law, and so the course of descent, as was properly decided last year, was altered. It is obvious, therefore, there was no misprint, and it was the first section which was referred to, and not the fourth.

The legislature never intended to repeal § 4 of the act of 1840; and as this was a case of testacy where the descent was altered by the will, the orphans' court had no jurisdiction, it is in no way affected by the act of 1850, and the judgment of reversal cannot be disturbed.

*Benj. L. Hewit,* for defendant in error.—The jurisdiction of the orphans' court to make partition was originally confined to the estates of intestates. The act of April 13, 1840, § 4, extended the jurisdiction of the orphans' court to cases of testacy where the parties, or some of them, were minors, or where the course of descent, under the intestate law, was not altered by will.

It will be observed that § 3 of the act of 1840 had retroactive effect, validating "all proceedings heretofore had in orphans' courts of this commonwealth, for the partitions of any testator's estate or estates, wherein partition hath been made or the property taken at the valuation," etc.

Section 4 of the act of 1840 simply extended the jurisdiction of the orphans' court in partition to "all cases of testacy," wherein the parties interested, or any of them, are minors, or the course of descent is not altered by the provisions of the last will and testament of the decedent. But attention is called to § 4 of the act of April 25, 1850, in connection with § 5 of the same act, which is as follows: "That the true intent and meaning of § 3 of the act passed the 13th day of April, 1840, entitled 'A Further Supplement to an Act Entitled "An Act Relating to Orphans' Court," Passed the 29th day of March, 1832, and the Supplements Thereto Passed the 14th day of April, 1835, and For Other Purposes,' is hereby declared to be, that the title of persons to real property of decedents, within this commonwealth, heretofore acquired under proceedings in partition in the orphans' court, if such proceedings were in other respects regular, shall not be impaired or in any wise defeated, or made void by or upon any other proceeding in any court of this commonwealth, by reason of such property or any part thereof having been devised by any such decedent to children or heirs generally, or to any one or more of them, or of other persons, if such devise to one or more had become lapsed, or had become forfeited for nonperformance of any condition, or the devisee or devisees for any reason had refused to take or accept the same; but such titles so acquired shall be considered and taken as valid and indefeasible, as in cases of intestacy, unless the same have been invalidated by reversal of the decree or decrees awarding the same upon appeal duly taken and prosecuted."

This section is manifestly a construing one—relating to jurisdiction in the orphans' court of "all proceedings" had thereon, in partition of testators' estates, without regard to the character of the recipients as devisees or course of descent as plainly expressed in § 3 of act of 1840, confirming titles acquired under such proceedings in partition, as well as in cases of forfeited and lapsed devises. It explains the "true intent and meaning" of § 3, which by its express and unequivocal provisions "validated" and rendered "effective" "all proceedings" and

jurisdiction in the orphans' court, in all cases of testacy had since the act of 1882, the same as cases of intestacy.

Section 5 of the act of 1850 then provides that the provisions of the said § 3 of the act of 1840, "according to the meaning thereof," as declared by the first section of this act, "shall extend to all cases which have heretofore arisen and which may hereafter arise within this commonwealth."

This is evidently a mistake, and "first" should read "fourth" as the context plainly shows. The third section of the act of 1840 is distinctly alluded to in the fourth section of the act of 1850, and its "true intent and meaning explained" relating to the same subject-matter,—to wit, jurisdiction of the orphans' court in cases of testacy, construing the same and confirming titles acquired under the provisions of the same, which in point of fact, as well as in effect, repeals the fourth section of the act of 1840, for the reason that the provisions of § 3 of the act of 1840, "validate and make effectual" all partitions in the orphans' courts in cases of testacy since the act of 1832, and § 5 of the act of 1850, as explained and construed by the fourth section of the act of 1850, in relation to the same subject-matter of jurisdiction, extends its provisions "to all cases which have heretofore arisen and which may hereafter arise within this commonwealth;" in other words, condoning errors of the past in all cases of testacy, where the orphans' court entertained jurisdiction—confirming the titles acquired under such proceeding "if regular," and extending jurisdiction in all cases in the future.

It is true there is no repealing clause in the act of 1850, expressly repealing § 4 of the act of 1840; but the provisions of the same, coupled with § 3 of the act of 1840, validating all proceedings in the orphans' court in all cases of testacy and extending the same to "all future cases," render § 4 of the act of 1840 special in character; and, being conflicting and contradictory, it must yield to the later and general law providing for all cases of testacy.

Further, plaintiff in error misapprehends § 5 of the act of 1850, as we think. It cannot and does not apply or refer to the first section of the act of 1850, because reference thereto shows that the first section simply refers to and construes § 25 of the act of 1832, relating to "an executrix having minors of her own, or being concerned for others, is married, or likely to

be espoused," requiring her to give security for the "minors' portions." The first section of the act of 1850 simply construes this and makes it applicable and "embrace all cases therein specified, whether there are minors concerned in the estate or not, and whether she is sole executrix or otherwise." Section 3 of the act of 1840 plainly indicates its object and purposes, and nowhere in its provisions is there any allusion to such subject-matter; nor does the act of 1850 in § 4 or 5 make reference or allude to anything of the kind, but refers exclusively to jurisdiction and proceedings thereon in cases of testacy in the orphans' court, and it must be a typographical error, and not a material inquiry in this case.

Section 5 of the act of 1850, especially when taken in connection with the construction put on § 3 of the act of 1840 by § 4 of the act of 1850, in effect repeals § 4 of the act of 1840; clearly intending that the orphans' court should have jurisdiction in all cases of testacy, without conditions and over any imaginable interest.

OPINION BY MR. JUSTICE TRUNKEY:

When this cause was heard and decided no reference was made to the act of April 25, 1850, P. L. 570. After the decision was announced, a jurist of much experience in all that pertains to the business in the orphans' court, whose suggestion is entitled to consideration, called our attention to that statute; and the question of jurisdiction being so important, a reargument was ordered. The learned counsel have greatly aided us by their able arguments upon the question.

The fourth section of the act of 1850 declares the true intent and meaning of the third section of the act of 1840, "to be that the title of persons to real property of decedents in this commonwealth, heretofore acquired under proceedings in partition in the orphans' courts, if such proceedings were in other respects regular, shall not be impaired, or in any wise defeated or made void, by or upon any other proceeding in any court of this commonwealth, by reason of such property, or any part thereof, having been devised by any such decedent to children or heirs generally, or to any one or more of them, or to other persons, if such devise to one or more had become lapsed, or had become forfeited by nonperformance of any condition, or the

devisee or devisees for any reason had refused to accept the same."

The fifth section declares that said § 3 of the act of 1840, according to the meaning thereof as declared by § 1 of this act, shall extend to all cases which have heretofore arisen or which may hereafter arise within this commonwealth.

Without considering whether the court may amend said § 5 by striking out the word "first" and inserting instead the word "fourth," it is clear that the meaning of the third section of the act of 1840 is defined in the act of 1850. Prior to the statutory definition of said § 3 of the act of 1840, its meaning was plain; now it is unlikely that it can be satisfactorily ascertained. Its application is limited to cases where the devise is to children or heirs generally, or to any one or more of them, or to other persons, if the devise has become lapsed, or forfeited for non-performance of a condition, or the devisee has refused to accept.

The expression "if such devise to one or more had become lapsed" or forfeited, or unaccepted, cannot be applied exclusively to a devise "to other persons;" nor do we now say it applies to such devise; by repeating the words "one or more" it relates to the devise "to children or heirs generally, or to any one or more of them." Nothing in the facts of this case brings it within the statute.

Perhaps it would have been useful legislation had the jurisdiction of the orphans' court been extended so as to include partition in all cases of testators' estates.

The judgment already entered must stand. Record remitted.