In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1799

Jose F. Guerrero-Perez,

Petitioner,

v.

Immigration and Naturalization
Service, and John Ashcroft,

Respondents.

On Petition for Rehearing

Submitted April 18, 2001--Decided July 2, 2001

Before Flaum, Chief Judge, and Bauer and Coffey, Circuit Judges.

Flaum, Chief Judge. In Guerrero-Perez v. INS, 242 F.3d 727 (7th Cir. 2001), we determined that Jose F. Guerrero-Perez's misdemeanor conviction for sexual abuse of a minor constituted an aggravated felony under sec. 101(a)(43)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. sec. 1101(a) (43)(A). Shortly after we issued our opinion, the Board of Immigration Appeals ("BIA") in an en banc decision, In re Robin Juraine Crammond, 2001 BIA LEXIS 3, 23 I & N. Dec. 9, found that a misdemeanor conviction for sexual abuse of a minor is not an aggravated felony under 8 U.S.C. sec. 1101(a)(43)(A). Guerrero/1 now requests that we reconsider our view on this matter in light of the BIA's disposition.

Discussion

Our task is to determine whether we should accept the BIA's approach as outlined in Crammond or affirm the position that we articulated in Guerrero-Perez. We begin by recognizing that a majority of the Board Members (11 out of the 20) concur that for a person to be considered an aggravated felon under 8 U.S.C. sec. 1101(a)(43)(A), which encompasses murder, rape, or sexual abuse of a minor, an individual must commit a

felony offense. To determine whether someone has committed a felony, the majority said that one should look to the federal definition of a felony. This was about all that the majority was able to agree upon, as there exists no consensus among them regarding how to reach the aforementioned outcome. Board MemberGuendelsberger, writing for seven other Board Members, found no clear congressional intent in the plain language of the aggravated felony statute. Having determined the statute was ambiguous, Board Member Guendelsberger then proceeded to employ traditional tools of statutory construction to discern the meaning of the statute. In the end, this exercise proved futile. As a consequence, he invoked the principle that when a statute is ambiguous it should be construed in favor of the alien. Board Member Filppu, authoring her own separate concurrence, took issue with Board Member Guendelsberger's invocation of what she labeled the "rule of lenity." Crammond, 2001 BIA LEXIS 3, at *23. After conducting her own analysis of the statute utilizing the "ordinary approach to questions of statutory construction," id. at *23, her answer to the dilemma appears to be that Congress intended that 8 U.S.C. sec. 1101(a)(43)(A) include only felony offenses. Board Member Rosenberg, who was joined by Board Member Miller, wrote separately to voice her view that "there is a significant expression of congressional intent favoring the conclusion reached by the majority and that a narrow construction of the statute limiting the reach of the aggravated felony provision is appropriate." Id. at *34. The dissent, written by Board Member Grant and joined by eight other Board Members, seems to endorse the reasoning and decision that we reached in Guerrero-Perez. Board Member Grant also warned that the majority opinion had placed the Board in a difficult position because it will in the future either have to announce that all parts of 8 U.S.C. sec. 1101(a)(43)(A) must involve felony offenses, which he asserts is "in derogation of the meaning of the Act." Id. at *74. If the Board does not choose such a course, then some parts of the statute will require a felony offense and other parts will not, leading to a violation of the principle of statutory construction that it is improper to adopt

a construction of a text that attributes different meanings to the same phrase within the same sentence. Id. By the narrowest of margins, a majority of the Board Members decided to reject the forceful position of the dissent in favor of the rule that an individual must commit a felony offense as so defined by federal law in order for his or her conduct to fall within the parameters of 8 U.S.C. sec. 1101(a) (43)(A).

We cannot adopt the approach that a splintered majority of the Board in Crammond supports. None of the positions articulated by the various Board Members who make up the majority present statutory interpretations that we have not considered previously. Thus, we respectfully conclude that this case does not warrant vacating our decision in Guerrero-Perez./2

Conclusion

For the foregoing reasons, we DENY Guerrero's petition for rehearing.

FOOTNOTES

/1 The petitioner identified himself as Jose Guerrero at his immigration hearing. We therefore will refer to him as Guerrero rather than Guerrero-Perez. The details of Guerrero's case can be found in Guerrero-Perez, 242 F.3d at 728-31.

/2 It is worth to note that we are not the sole Circuit to disagree with the BIA's position on this matter. The Eleventh Circuit has interpreted 8 U.S.C. sec. 1101(a)(43)(A) in the criminal context to encompass misdemeanor state convictions. United States v. Marin-Navarette, 244 F.3d 1284 (11th Cir. 2001).