# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-2102

SRIVENUGOPALA GATTEM,

*Petitioner*,

v.

ALBERTO R. GONZALES,[1]

*Respondent.*

_____

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A78 842 565

_____

ARGUED JANUARY 18, 2005—DECIDED JUNE 20, 2005

_____

Before POSNER, EASTERBROOK, and ROVNER, *Circuit
Judges.*

ROVNER, *Circuit Judge.* Srivenugopala Gattem, a native
and citizen of India who overstayed his visa, seeks review
of a decision of the Board of Immigration Appeals (the
"Board" or "BIA") which determined in relevant part that

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
we have substituted the current Attorney General of the
United States, Alberto R. Gonzales, for his predecessor as the
named respondent.

when Gattem solicited a minor to engage in a sexual act, he committed sexual abuse of a minor and therefore an aggravated felony for purposes of section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (the "INA"). That finding not only renders Gattem removable from the United States, *see* 8 U.S.C. § 1227(a)(2) (a)(iii), but also makes him ineligible for cancellation of removal, *see id.* § 1229b(a)(3), and strips the judiciary of the power to review the order of removal entered against him, *id.* § 1252(a)(2)(C). Because the Board correctly concluded that Gattem committed an aggravated felony, we deny in part and dismiss in part Gattem's petition for review.

# I.

Gattem entered the United States lawfully in 1998 pursuant to a non-immigrant, employment-related H-1B visa. His visa expired in January 2001, but Gattem remained in this country beyond the expiration and later that year married an American citizen. Gattem and his wife subsequently filed I-485 and I-130 applications seeking to have him declared a permanent resident of the United States based on their marriage. However, when they appeared in November 2003 for their interviews on those applications, Gattem was taken into custody by Immigration and Customs Enforcement. He was notified that he was subject to removal from the United States on three different grounds, the third of which was eventually dropped and replaced with the ground relevant here, which is that following his entry into the United States, he had been convicted of an aggravated felony as defined in section 101(a)(43)(A) of the INA—namely, sexual abuse of a minor—and was therefore removable pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii).

The conviction that the government characterized as an aggravated felony was a 2002 conviction in the

Circuit Court of Du Page County, Illinois, for solicitation of a sexual act. The Illinois statute pursuant to which Gattem was convicted provides:

> Any person who offers a person not his or her spouse any money, property, token, object, or article or anything of value to perform any act of sexual penetration as defined in Section 12-12 of this Code, or any touching, or fondling of the sex organs of one person by another person for the purpose of sexual arousal or gratification, commits the offense of solicitation of a sexual act.

720 ILCS 5/11-14.1(a). The verified criminal complaint alleging Gattem's violation of this provision alleged that Gattem had "offered [Jane Doe][2], a juvenile under the age of 18, and a person not his spouse, free cigarettes in exchange for oral sex, while at the Convenient Foods, 3012 Hobson Road, Woodridge, IL." A.R. 96. Solicitation of a sexual act in violation of section 5/11-14.1(a) is a Class B misdemeanor, *see* 720 ILCS 5/11-14.1(b), and following his conviction, Gattem was sentenced to 24 months of probation. A.R. 94.[3]

The government took the position that the crime of which Gattem had been convicted constituted "sexual abuse of a

---

[2]  We have substituted a pseudonym for the name of the victim in deference to her privacy interests.

[3]  The complaint against Gattem also alleged that he offered to distribute a pornographic video to the minor and asked her whether she wanted to smoke cannabis with him. A.R. 95. Those allegations formed the bases for two separate charges of offering to distribute or exhibit harmful material to a minor, *see* 720 ILCS 5/11-21(a), and contributing to the delinquency of a minor, *see* 720 ILCS 130/2a. However, the judgment of conviction indicates that Gattem was convicted solely of the charge that he solicited a sex act. A.R. 94.

minor," and for that reason qualified as an "aggravated felony" for purposes of INA section 101(a)(43)(A). When he appeared before an Immigration Judge ("IJ"), Gattem contested the government's assertion. Gattem acknowledged the conviction and admitted that the individual from whom he had solicited a sexual act was a juvenile. A.R. 35.[4] But he denied that the conviction amounted to the sexual abuse of a minor and therefore an aggravated felony. He conceded that he was removable on the other two grounds identified by the government.

The IJ sustained the government's position. He noted first that Gattem's conviction, although for a misdemeanor offense, could nonetheless qualify as an aggravated felony for purposes of the INA. A.R. 35 (citing *Guerrero-Perez v.*

---

[4] The IJ's decision states that Gattem "admits that the crime for which he was convicted, solicitation of a sexual act[,] involved a juvenile under 17 years of age . . . ." A.R. 34. That observation is consistent with the amendment to the notice of removability issued to Gattem, which alleged that "[y]our [Gattem's] conviction for Solicitation of a Sexual Act in violation of 720, section 5/11-14.1(a) of the Illinois Revised Statutes involved a juvenile under the age of 17 . . . by the name of [Jane Doe]." A.R. 211. In proceedings before the IJ, Gattem formally admitted that allegation through his counsel. A.R. 50. We note, however, that we can find no evidence in the record confirming that the juvenile was, in fact, below the age of 17. Count 3 of the complaint filed against Gattem in state court, which is the sole source of details as to the nature of his offense, alleged only that the victim was under the age of 18. A.R. 96. Count 2 of the complaint, which charged that Gattem had contributed to the delinquency of a minor, alleged that the victim was under 17 years of age, A.R. 95, but Gattem evidently was not convicted on that count, *see* A.R. 94. We are left to wonder, therefore, whether the government meant to allege, and Gattem meant to admit, that the juvenile was 17 years of age *or* under. We need not resolve our doubts on this point, however, for the precise age of the juvenile does not matter to our analysis.

*INS*, 242 F.3d 727 (7th Cir. 2001)). As for whether the offense constituted sexual abuse of a minor, the IJ, relying on the Board's decision in *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999), looked to 18 U.S.C. § 3509(a)(8) for guidance. That provision broadly defines sexual abuse to include, among other things, the "inducement" of a child to engage in a sexual act as well as "other form of sexual exploitation of children." The IJ found that Gattem's solicitation of a minor met those criteria and so qualified as sexual abuse of a minor and in turn an aggravated felony for purposes of INA section 101(a)(43)(A). A.R. 36. As a result, Gattem was not only removable under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), but ineligible for cancellation of removal under section 240A(a)(3), 8 U.S.C. § 1229b(a)(3).

Gattem took an appeal to the BIA, which agreed with the IJ that Gattem's conviction was one for sexual abuse of a minor. Consulting the definition of "sexual abuse" found in section 3509(a)(8) as it had in *Rodriguez-Rodriguez*, the Board concluded that soliciting a minor in violation of the Illinois statute fell within the scope of that definition:

> The . . . Illinois statute clearly satisfies [section 3509(a)(8)'s] definition as the respondent was convicted thereunder for persuading a minor to engage in sexual conduct. Persuading or inducing a child [to] engage in sexually explicit conduct involves sexual abuse of a minor.

A.R. 3 (footnote omitted).

## II.

Our jurisdiction in this case is limited. The INA, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, strips the judiciary of authority to review any final order of removal against an alien who is

removable by reason of having committed an aggravated felony. *See* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii). The BIA, of course, determined that Gattem had committed such a felony. Nonetheless, we retain the authority to assess our own jurisdiction, *Land v. Dollar*, 330 U.S. 731, 739, 67 S. Ct. 1009, 1013 (1947), *overruled on other grounds by implication by Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S. Ct. 1457 (1949), and as we explained in *Yang v. INS*, 109 F.3d 1185, 1192 (7th Cir. 1997), "[w]hen judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists." Consequently, we have jurisdiction to determine whether, as the BIA held, Gattem indeed is removable by reason of having committing an aggravated felony—in particular, the sexual abuse of a minor. *Id.*; *see also, e.g.*, *Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 464 (7th Cir. 2005) (per curiam); *Lara-Ruiz v. INS*, 241 F.3d 934, 938-39 (7th Cir. 2001). Moreover, section 106(a)(1) (A)(iii) of the REAL ID Act of 2005, signed into law on May 11 of this year, adds the following qualification to the jurisdiction-stripping provision found in section 1252(a)(2)(C) of the INA:

> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section[.]

119 Stat. 231, 310. Section 106(b) of the new legislation provides that "[t]he amendments made by subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division." 119 Stat. at 311. Thus, to the extent that the Board's

holding turned on its construction of the INA, and in particular the meaning of "sexual abuse of a minor," it presents a question of law that Congress has given us the power to address.

Generally speaking, we review questions of law, including jurisdictional questions, de novo. *E.g.*, *Ali v. Ashcroft*, 395 F.3d 722, 726 (7th Cir. 2005); *Lara Ruiz*, 241 F.3d at 939. As always, however, we owe the Board deference in its interpretation of the INA. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25, 119 S. Ct. 1439, 1445-46 (1999); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 448-49, 107 S. Ct. 1207, 1221 (1987). Because Congress did not define what constitutes sexual abuse of a minor for purposes of the INA, it has fallen to the Board to give the term meaning on a case by case basis. Therefore, insofar as the Board's holding as to Gattem turns on an interpretation of the INA, we must defer to that construction so long as it is "consistent with the language and purposes of the statute." *Aguirre-Aguirre*, 526 U.S. at 426; 119 S. Ct. at 1446.

The INA defines the term "aggravated felony" to mean, among other offenses, "murder, rape, or sexual abuse of a minor[.]" 8 U.S.C. § 1101(a)(43)(a). As we have noted, the statute does not in turn identify what offenses fall under the rubric of "sexual abuse of a minor." The Attorney General of the United States, who is charged with the administration and enforcement of the INA, has delegated that interpretative task to the Board as the need arises in removal proceedings. *Rodriguez-Rodriguez*, 22 I. & N. Dec. at 994 (citing 8 C.F.R. § 3.1 (1999)).

Because "removal proceedings are a function of federal law," the Board has sought out a federal standard for what constitutes sexual abuse of a minor. *Rodriguez-Rodriguez*, 22 I. & N. Dec. at 995. Several different provisions of the Federal Code of Crimes and Criminal Procedure offer

definitions of sexual abuse,[5] and from these the Board has selected the broadest, which is found at 18 U.S.C. § 3509(a)(8). That provision of the Code empowers a federal court in certain cases where the victim or witness is a child to take a variety of measures aimed at protecting the child, including, for example, allowing the child to give testimony via closed-circuit television or videotaped deposition, § 3509(b), and appointing a guardian ad litem for the child, § 3509(h). Among the proceedings in which these protective measures are available are cases in which a child is alleged to be a victim of sexual abuse. *See* § 3509(a)(2)(A). The statute supplies the following definition of sexual abuse:

> [T]he term "sexual abuse" includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children[.]

§ 3509(a)(8).[6] The BIA believed that this definition best reflected the full range of criminal conduct that reasonably can be understood to constitute sexual abuse of a minor. The Board noted, for example, that just as "abuse" generally can involve mental as well as physical mistreatment, sexual abuse of a minor may or may not entail physical contact; and the terms of section 3509(a) were broad enough to account for that reality. *Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996. The Board also noted that "states categorize and define sex crimes against children in many different ways[,] and [we] find that 18 U.S.C. § 3509(a) better captures this broad spectrum of sexually abusive behavior." *Id.*

---

[5] *See* 18 U.S.C. §§ 2242, 2243(a), 2246(2) & (3), and 3509(a)(8).

[6] "Sexually explicit conduct" is in turn defined to include a broad range of sexual behavior including, as relevant here, oral sex. § 3509(a)(9)(A).

By contrast, the other definitions found in the Criminal Code were too narrow to fully encompass that spectrum and in that sense were inconsistent with the evident congressional intent "to remove aliens who are sexually abusive toward children and to bar them from any relief. *Id.*

The Board was at pains to emphasize, however, that although it would look to section 3509(a)(8) for illumination as to what constitutes sexual abuse of a minor, it did not intend that definition to be dispositive for purposes of section 101(a)(43)(A). "We are not adopting this statute as a definitive standard or definition but invoke it as a guide in identifying the types of crimes we would consider to be sexual abuse of a minor." *Id.*

We previously have concluded that the BIA's resort to section 3509(a)(8) and its broad definition of sexual abuse for guidance is reasonable. In *Lara-Ruiz*, 241 F.3d at 941-42, we rejected the notion that the Board was obliged to define sexual abuse for purposes of section 101(a)(43)(A) with reference to the more narrow standards found elsewhere in the Criminal Code, including in particular 18 U.S.C. § 2243(a), which establishes the federal offense of sexually abusing a minor.[7]

> Congress did not define sexual abuse of a minor by expressly referencing any other provision of the U.S. Code, as it did with respect to other terms in § 101(a)(43). Congress' decision not to limit

---

[7] Section 2243(a) criminalizes the sexual abuse of a minor in the following terms: "Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who—(1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned for not more than 15 years, or both."

§ 1101(a)(43)(A) in a similar fashion is conspicuous, and it strongly suggests that Congress intended to give a broad meaning to the term "sexual abuse of a minor." Moreover, since § 2243 creates a substantive federal offense, while § 101(a)(43)(A) merely attaches immigration consequences to criminal acts already committed, it would have been reasonable for Congress to intend a broader definition for the latter provision. Finally, as the BIA noted in *In re Rodriguez-Rodriguez*, Interim Dec. No. 3411, 1999 WL 731793 (BIA 1999), "sexual abuse" is defined more broadly in 18 U.S.C. § 3509 than it is in § 2243. This further undermines Lara-Ruiz' argument because, even if we were to accept his misguided premise that § 101(a)(43)(A)'s definition of sexual abuse of a minor should be exhaustively defined by reference to some other single statutory provision, Lara-Ruiz offers no good reason why we must refer to § 2243 rather than to § 3509. . . .

241 F.3d at 942 (citations omitted). More recently, in *Espinoza-Franco*, 394 F.3d at 464-65, we again emphasized that "Congress intended the phrase 'sexual abuse of a minor' to broadly incorporate all acts that fall within the 'ordinary, contemporary, and common meaning of the words'" (quoting *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104 (7th Cir. 2001)) and that the reach of the phrase need not be limited to the more narrow definitions found in other provisions of the Criminal Code. *Lara-Ruiz* and *Espinoza-Franco* put to rest our dissenting colleague's contention that the Board has gone astray in choosing section 3509(a)(8) as a reference point in assessing the nature of an alien's conviction.

In this case, the Board had no difficulty concluding that Gattem's solicitation offense was within the range of conduct that section 3509(a)(8) describes as sexual abuse of a minor. The statute indicates that persuading, inducing, or enticing a minor to engage in sexually explicit conduct

amounts to sexual abuse. In the Board's view, when Gattem offered a minor cigarettes if she would engage in oral sex with him, he was using persuasion or inducement in an effort to convince her to engage in sexually explicit conduct. A.R. 3. We can find no fault with the Board's analysis.

The approach to identifying those state crimes that Congress intended to be treated as aggravated felonies for purposes of the INA is "categorical": one looks to the elements of the state offense in question and, where necessary, to the charging document pursuant to which the petitioner was convicted, to determine whether the offense corresponds to one of the crimes described as aggravated felonies in the INA. *Espinoza-Franco*, 394 F.3d at 465; *Lara-Ruiz*, 241 F.3d at 941.

Here, the Illinois statute pursuant to which Gattem was convicted reaches conduct aimed at adults as well as minors: it proscribes the solicitation of sexual contact from anyone not the defendant's spouse. 720 ILCS 5/11-14.1(a). But the complaint issued against Gattem indicates that he solicited a minor, A.R. 96; and there is no dispute at this juncture that the individual he solicited was under the age of 18. And although the Illinois offense is a misdemeanor, there is also no dispute that a misdemeanor can nonetheless qualify as an aggravated felony so long as it otherwise amounts to sexual abuse of a minor. *See Guerrero-Perez*, 242 F.3d 727; *see also* Gattem Br. at 12 (noting that Gattem does not challenge, *inter alia*, the notion that his misdemeanor conviction can qualify as an aggravated felony for purposes of the INA).

Gattem contends that if the offense involves only words, without any threat or coercion, then it causes no harm to the minor that would permit it to be described as sexual *abuse*. Thus, although the crime proscribed by the Illinois statute—when (as here) the victim is a minor—neatly corresponds with the definition of sexual abuse found in

section 3509(a)(8) in that it involves the persuasion, inducement or enticement of a minor to engage in sexually explicit activity, Gattem contends that it is nonetheless inappropriate to categorize his offense as sexual abuse of a minor.

The Attorney General responds that the ordinary meaning of sexual abuse encompasses verbal conduct that is not overtly threatening or coercive. Abuse, in the Attorney General's view, involves the misuse of authority and, as the Board pointed out in *Rodriguez-Rodriguez*, can take the form of physical or mental mistreatment. He therefore reasons that sexual abuse can include verbal conduct that takes improper advantage of an adult's seniority and proximity to a minor.

We agree with the Board and the Attorney General that Gattem's conviction is properly classified as one for sexual abuse of a minor. Although it may be true, as Gattem argues, that solicitation in the abstract is not necessarily coercive or threatening, we think that there is an inherent risk of exploitation, if not coercion, when an adult solicits a minor to engage in sexual activity. Minors as a group have a less well-developed sense of judgment than adults, and thus are at greater peril of making choices that are not in their own best interests. *See Bellotti v. Baird*, 443 U.S. 622, 635, 99 S. Ct. 3035, 3044 (1979) ("during the formative years of childhood and adolescence, minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them"). Thus, when a minor is offered an item of value—here, contraband (cigarettes) that a minor could not legally obtain herself—in exchange for having sex with an adult, she may well be incapable of fully appreciating the consequences of yielding to the lure of the offer. Because minors are, in this respect, more susceptible to corrupt influences, it is reasonable to think of an adult's solicitation of a minor to be abusive in the sense of exploiting the minor's vulnerabilities. Of

course, a conviction for solicitation requires no proof that the minor accepted the offer, let alone engaged in any sexual activity. But that is the obvious goal an offer like the one that Gattem made; and solicitation, like attempt, is deemed a crime because the defendant has embraced an unlawful objective and taken one or more steps in pursuit of it, exposing his victim and society to a risk of injury that might have materialized but for the intervention of the authorities or some other fortuitous turn of events. *See United States v. Hsu*, 155 F.3d 189, 203 (3d Cir. 1998) ("The law of attempts was traditionally viewed as a way 'to deal with conduct which create[d] a risk of immediate harmful consequences.'") (quoting Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law*, § 6.5(b), at 91 (2d ed. 1986)); *see also* 4 Charles E. Torcia, *Wharton's Criminal Law*, § 671, at 523-24 (15th ed. 1996). There is no dispute that Gattem would be guilty of sexually abusing a minor had she actually had sex with him in exchange for the cigarettes. As it was, he asked a minor to engage in sex with him and offered her an inducement to say yes. Given that minors lack the mature judgment of adults, there was a genuine risk that she might have acceded to his request and suffered any number of grave consequences that she could not have envisioned in the way that an adult could. *See United States v. Shannon*, 110 F.3d 382, 387-88 (7th Cir. 1997) (en banc). That—not to mention treating a girl as if she were a prostitute—was the harm in asking. *See State v. Tarbay*, 810 N.E.2d 979, 982, 984 (Ohio App. Ct. 2004).

Our colleague suggests that in focusing on the potential harm to the juvenile had she said yes to Gattem's proposal rather than on the actual harm (if any) resulting from the rebuffed solicitation, we are improperly redefining sexual abuse of a minor as attempted sexual abuse. *Post* at 18. Noting that until now the cases on this issue all have involved actual sexual acts (including touching or exposure), *post* at 16, our colleague believes that the Board is obliged

to offer some justification for treating a simple solicitation as sexual abuse, for words themselves are not acts, *post* at 18. But section 3509(a)(8) does refer to the persuasion, inducement, or enticement of a child to engage in sexually explicit conduct, and even if that language is construed to mean that the child must actually have been persuaded, induced, or enticed to participate in a sexual act, *see post* at 16, logic does not foreclose the Board from taking note of an unsuccessful effort to lure a child into sexual activity. Federal criminal law punishes inchoate offenses along with completed crimes. *See, e.g.,* 21 U.S.C. § 846. Thus, it can hardly be considered surprising, let alone unreasonable, for the Board to include within the realm of sexual abuse an attempt to persuade, induce, or entice a child to engage in a sexual act. Indeed, the INA explicitly provides that an attempt or conspiracy to commit any of the other offenses identified in the statute as aggravated felonies shall itself be considered an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(U).

We acknowledge that categorizing Gattem's conviction as an aggravated felony, which both renders him subject to removal and bars him from seeking relief, may to some seem like a harsh result. But we believe that result to be consistent with congressional intent. Construing sexual abuse of a minor broadly to include the crime of soliciting a minor is reasonable notwithstanding the absence of any physical contact with or threat against the minor, given the inherent risk of exploitation that soliciting a minor presents.

## III.

The BIA correctly categorized Gattem's Illinois conviction for solicitation as sexual abuse of a minor for purposes of section 103(a)(43)(A) of the INA. Because Gattem is remov-

able by reason of having committed an aggravated felony, we have no jurisdiction to (further) review the BIA's order of removal and do not reach the other issue that Gattem has raised, which concerns the IJ's discretionary refusal to continue the removal proceeding pending the adjudication of the I-130 application for adjustment of status that his wife filed on his behalf. 8 U.S.C. § 1252(a)(2)(C); *see Flores v. Ashcroft*, 350 F.3d 666, 669 (7th Cir. 2003).[8] We therefore DENY IN PART and DISMISS IN PART Gattem's petition for review.

POSNER, *Circuit Judge*, dissenting.  Gattem was ordered removed from this country on the basis of his having violated an Illinois misdemeanor statute by offering a girl who had not yet reached the age of 18 a pack of cigarettes in exchange for her performing oral sex on him. The statute provides that "any person who offers a person not his or her spouse . . . anything of value to perform any [sexual] act . . . commits the offense of solicitation of a sexual act." 720 ILCS 5/11-14.1(a). Neither Gattem's age at the time of the offense, nor the girl's, was indicated, other than her being under 18; nor is there any suggestion that the girl accepted Gattem's offer. He was sentenced not to prison, but to 24 months on probation.

The statute under which he was removed, a part of the Immigration and Nationality Act, makes an alien

---

[8] This second issue does not, in our view, present a question of law, and therefore has not been placed within our jurisdiction by section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, discussed *supra* at 6-7.

removable if he commits an "aggravated felony," defined as "murder, rape, or sexual abuse of a minor." 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii). The term "sexual abuse of a minor" is not defined. Casting far afield, the Board of Immigration Appeals in *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999), found a statute that defines the term as including "the employment, use, persuasion, inducement, or coercion of a child to engage in . . . sexually explicit conduct." 18 U.S.C. § 3509(a)(8). I say far afield because it is not a statute that criminalizes sexual abuse; rather, it provides procedural protections for child victims and child witnesses, such as allowing a child to give testimony via closed-circuit television rather than in person if the child is alleged to be a victim of sexual abuse. 18 U.S.C. § 3509(b)(1).

Applying the statute to this case—the sole ground on which Gattem has been deemed removable—is doubly odd because it is unclear whether "persuasion" or "inducement" includes unsuccessful efforts to persuade or induce. One can be induced or persuaded without being employed (suggesting prostitution), though successful inducement or persuasion would result in the "use . . . of a child to engage in . . . sexually explicit conduct." The previous reported cases all involved touching or exposure rather than failed persuasion or inducement. *Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 463 (7th Cir. 2005); *Guerrero-Perez v. INS*, 242 F.3d 727, 730 (7th Cir. 2001); *Mugalli v. Ashcroft*, 258 F.3d 52, 53-54 (2d Cir. 2001); *United States v. Zavala-Sustaita*, 214 F.3d 601, 602-03 (5th Cir. 2000). My colleagues acknowledge that the language of the statute might be "construed to mean that the child must actually have been persuaded, induced, or enticed to participate in a sexual act," but they add that "logic does not foreclose the Board from taking note of an unsuccessful effort to lure a child into sexual activity." True—but there is no indication that the Board has noticed, let alone "taken note," of the differ-

ence. Nor is it easy to see how a state misdemeanor becomes translated not only into a felony, but into an "aggravated felony," for removal purposes.

Without more detail concerning Gattem's crime, I am unconvinced that the Board made a rational judgment in classifying it as an "aggravated felony." The number of unmarried teenaged girls in this country who have engaged in sexual intercourse, let alone in oral sex, is in the millions; for of all girls in 11th grade (few of whom would have turned 18), 53.1 percent have had sexual intercourse. Centers for Disease Control and Prevention, "Youth Risk Behavior Surveillance-United States 2003," *Morbidity & Mortality Weekly*, May 21, 2004, p. 18. Oral sex is even more common; in a study of ninth graders, half again as many were found to have had oral as vaginal sex. Bonnie L. Halpern-Felsher et al., "Oral Versus Vaginal Sex Among Adolescents: Perceptions, Attitudes, and Behavior," *Pediatrics*, Apr. 2005, p. 847. Solicitation of such girls to engage in sex must be common. That doesn't make it right; and circumstances of course alter cases: the younger the girl, the older the man, and the more insistent or prurient the means of inducement employed, the likelier is the solicitation of an underage girl or boy for sex to be a serious crime even if the solicitation is unsuccessful. But we have no details beyond the bare sketch with which I began. We cannot let our imaginations roam; if we could, we could imagine the girl as a prostitute. Based on what little we know, Illinois's characterization of Gattem's conduct as a misdemeanor undeserving of prison time is reasonable, rather than being evidence that Illinois does not take sexual offenses seriously.

No basis has been shown for reclassifying Gattem's offense as an aggravated felony. The government's brief describes his proposal to the girl as "disgusting and depraved" (a dubious characterization if she was one day short of her eighteenth birthday, as she may have been) and,

continuing in this vein, speculates without reference either to evidence relating to Gattem's conduct or to a psychological literature that might bear on it that such a proposal might "cause the victim to have negative thoughts about sexuality and produce psychological injury that may be difficult to overcome." Carried away by its own rhetoric, the government describes what Gattem did as "the forcing of unwanted sexual activity" upon the girl, even though there was no sexual act; words are not acts.

The immigration judge offered no reason at all for his ruling beyond citation of *Rodriguez-Rodriguez*. And the Board added nothing to the immigration judge's opinion. The Justice Department's lawyers are not allowed to supply the agency's missing rationale in its brief—nor are we. *SEC v. Chenery Corp.*, 332 U.S. 194 (1947). That has not stopped my colleagues from offering their own rationale: not that the girl is likely to have suffered any adverse consequences from the solicitation that she turned down, but that she might have suffered such consequences had she acceded. Thus sexual abuse of a minor is redefined as attempted sexual abuse.

The analytical vacuum would not matter if the *Rodriguez-Rodriguez* decision had, as the government and the agency assume, provided a defensible rationale for defining conduct such as Gattem's as an aggravated felony of sexual abuse of a minor. (It would only have to be minimally plausible.) The Board doesn't have to repeat in a new case the principles it has established in previous ones. But *Rodriguez-Rodriguez* had not adopted the definition of "sexual abuse of a minor" in 18 U.S.C. § 3509(a)(8) as the "definitive interpretation or definition," which is how the government and my colleagues treat it, but merely as "a guide." 22 I. & N. Dec. at 996. The alien in that case had been sentenced by a Texas court to 10 years in prison for indecently exposing himself to a child, a felony. The details, such as his age and that of the child, are not indicated, but obviously it was not a case of unsuccess-

ful solicitation, and the length of the sentence and the fact that it was the maximum allowed by the statute signaled to the Board the presence of aggravating circumstances. *Id.* The contrast with the sentence here is stark (24 months on probation versus five times that amount of time in prison), and cannot be entirely due to north-south differences in penological attitudes.

*Guerrero-Perez v. INS, supra*, on which the government also relies, involved an act of sexual penetration of a 15-year-old girl, also a far more serious offense than Gattem's. Like Gattem, Guerrero-Perez was convicted only of a misdemeanor. But it was a Class A misdemeanor; Gattem's was a Class B, punishable by a maximum of six months in prison, one-twentieth of the maximum prison sentence for the crime at issue in *Rodriguez-Rodriguez*.

*Guerrero-Perez* had a curious sequel that goes unremarked by my colleagues. Shortly after it was decided, the Board of Immigration Appeals ruled *In re Crammond*, 23 I. & N. Dec. 9 (en banc), vacated on other grounds, 23 I. & N. Dec. 179 (2001) (en banc), that for "sexual abuse of a minor" to count as an "aggravated felony" for purposes of removal, it must be a felony as defined in 18 U.S.C. § 3559(a)(5); that is, it must be punishable by more than a year in prison. On the basis of this ruling, Guerrero-Perez moved this court for reconsideration. We turned him down on the ground that the Board was wrong in thinking that sexual abuse of a minor had to be the equivalent of a federal felony. 256 F.3d 546 (7th Cir. 2001). The Board (which had vacated the *Crammond* decision on an unrelated ground) then caved, stating, in *In re Small*, 23 I. & N. Dec. 448, 450 (2002) (en banc):

> Since our initial decision in Matter of Crammond, the legal landscape relating to this question has significantly changed. After considering the issue anew in light of our opinion, the Seventh Circuit declined to modify its position and denied a petition for rehearing

with a further opinion. Guerrero-Perez v. INS, 256 F.3d 546 (7th Cir. 2001). In addition, two other circuits, the Sixth and the Eleventh, employed similar reasoning in aligning themselves with the Seventh Circuit. United States v. Gonzales-Vela, 276 F.3d 763 (6th Cir. 2001); United States v. Marin-Navarette, 244 F.3d 1284 (11th Cir.), cert. denied, 122 S. Ct. 317 (2001). Most recently, the Ninth Circuit, citing United States v. Marin-Navarette, supra, determined that "an offense classified by state law as a misdemeanor can be an 'aggravated felony' . . . if the offense otherwise conforms to the federal definition [of that term] found in 8 U.S.C. § 1101(a)(43)," thus signaling its possible agreement with the result reached by its three sister circuits. United States v. Robles-Rodriguez, 281 F.3d 900, 903 (9th Cir. 2002). Moreover, to our knowledge no federal court has concluded that section 101(a)(43)(A) of the Act pertains only to felony offenses.

In light of these developments, we have reconsidered the issue and conclude that the prevailing appellate court view should be adopted for the reasons set forth in the above-cited opinions of the Sixth, Seventh, and Eleventh Circuits. We consider it appropriate at this juncture to accede to the weight of appellate court authority in the interest of uniform application of the immigration laws.

The Board cannot be criticized for acquiescing in these decisions rather than bucking them with little chance of success. Yet the result is topsy-turvy. The determination whether to require that "sexual abuse of a minor" be counted as an "aggravated felony" for removal purposes only if the particular offense satisfies the federal (which is also the traditional) definition of a felony is not a question of law to be decided by appellate courts; it is a discretionary judgment for the Board to make. For remember that the immigration statute is silent on the meaning of "sexual

abuse of a minor"—that was left for the Board to supply, *Chevron*-style, by the application of its knowledge of immigration law and policy. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 446-49 (1987); *Guerrero-Perez v. INS*, *supra*, 242 F.3d at 730; *Uritsky v. Gonzales*, 399 F.3d 728, 731-32 (6th Cir. 2005); *Mugalli v. Ashcroft*, *supra*, 258 F.3d at 55-56; see *Mei v. Ashcroft*, 393 F.3d 737, 739 (7th Cir. 2004); but see *Singh v. Ashcroft*, 383 F.3d 144, 150-52 (3d Cir. 2004).

There is a further point unremarked by my colleagues, the Board, and the Justice Department. The Illinois statute under which Gattem was convicted makes no distinctions based on age. Essentially it just forbids solicitation for prostitution. A separate statute penalizes solicitation of minors. 720 ILCS 5/11-6. We do not know why Gattem was not charged under that statute (maybe he was, and the charge dropped) but one possibility is that the girl was almost 18 and, moreover, looked at least 18. In Illinois, it is a defense to criminal sexual abuse and aggravated sexual abuse, both crimes that require an actual sex act, 720 ILCS 5/12-15(c), 16(d), that the defendant "reasonably believed the person to be 17 years of age or over." 720 ILCS 5/12-17(b). What we have here is not a sex act but merely a solicitation, and as far as appears Gattem had no idea he was soliciting a minor. A reasonable mistake as to the solicited child's age can even operate as a defense to indecent solicitation of a child, because the statute requires that the offender "knowingly solicits a child or one whom he or she believes to be a child." 720 ILCS 5/11-6(a). Characterizing his conduct as "sexual abuse of a minor" is highly questionable.

We should remand the case to the Board for a reasoned judgment.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*