UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 23, 2006*
Decided August 23, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4783

| | |
|---|---|
| DR. OBIEKWE STEPHEN OKWUDIL UGOCHUKWU, a/k/a STEPHEN OBIEKWE, a/k/a OKWULDILI OGOCHOKWU, a/k/a O'BIAWKO STEPHENS, a/k/a DR. O UGO, a/k/a DR. O. UGOCHKWU, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. No. A26-435-165 |

v.

ALBERTO R. GONZALES,
Attorney General of the United States,
*Respondent.*

**O R D E R**

In 2005, an Immigration Judge ("IJ") ordered Dr. Obiekwe Stephen Okwudil Ugochukwu (as he calls himself here) deported on the basis that he is an aggravated felon who is ineligible for relief from removal. The Board of

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") affirmed both the IJ's finding of removal and denial of relief. Ugochukwu now petitions us to review the BIA's decision. Because we lack jurisdiction to address his principal claims, and because his reviewable claim is unfounded, we deny his petition.

Over the past quarter century the immigration services have become quite familiar with Ugochukwu and his many aliases. Beginning in 1981, Ugochukwu (using the name Stephen Ogochukwu Obiekwe) entered the United States as a non-immigrant student from his country of origin, Nigeria. After he married a United States citizen about six months later his status was adjusted to permanent resident. Ugochukwu's residency status was rescinded in 1988, however, when the former Immigration & Naturalization Service determined that his marriage was merely one of convenience for immigration purposes. In 1991, Ugochukwu was deported back to Nigeria after it was determined that he overstayed his student visa and was convicted of bank fraud, false use of a Social Security number, and student-aid fraud. However, in 1995 Ugochukwu was again admitted into the United States as a permanent resident after his marriage to another United States citizen. On the visa application submitted by his wife on his behalf, Ugochukwu identified himself as Okwudili Ugochukwu; he also failed to state that he had been deported earlier from the United States or reveal that he had previous convictions for fraud.

Then in 1999, Ugochukwu was indicted for insurance crimes under 18 U.S.C. §§ 1033(b), 2, and for reentering the United States as a removed alien, *see* 8 U.S.C. § 1326, the charges underlying this action. Specifically, the government alleged that Ugochukwu, who then worked for an insurance company, forged the names of the insurance company's policy holders and creditors on checks payable to them, and deposited the funds into a bank account that he had established under the name "UA Adult and Children Services." He pleaded guilty to the charges in 2000, was sentenced to 78 months' imprisonment, and ordered to pay $ 356,360.34 in restitution.

In 2004, the Department of Homeland Security charged Ugochukwu (under the alias Stephen Obiekwe) as removable because, among other reasons, his conviction for insurance fraud constituted an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (defining an aggravated felony as a crime that "involves fraud or deceit in which the loss to the victim or victims exceeds $ 10,000"). In response, Ugochukwu applied for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). At the removal hearing, Ugochukwu admitted that he had pleaded guilty to and was convicted of insurance fraud. However, he denied that he actually committed the crime. He asserted, rather, that he was blamed for the crime only because he was the "owner" of "UA Adult and Children Services" (which, he claimed, was the "largest social service

agency in the United States"), and pleaded guilty solely because he "was threatened with thirty years [in prison]." Ugochukwu then presented evidence supporting his applications for relief in lieu of removal. As relevant here, he claimed that he is a homosexual who would be subject to imprisonment and torture upon return to Nigeria. To support this claim, he submitted the State Department 2004 Country Report on Nigeria that mentions only that homosexuality is outlawed in Nigeria's "northern states that have adopted Shari'a [law]".

After hearing Ugochukwu's proffered evidence, the IJ issued an oral opinion finding Ugochukwu removable and denying his requests for relief. The IJ rejected Ugochukwu's attempted collateral attack on his conviction and found him removable because his undisturbed conviction for insurance fraud constituted an aggravated felony that was also a "particularly serious crime." *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i) (stating that Attorney General may deny asylum if petitioner is convicted of an aggravated felony); *id.* § 1231(b)(3)(B)(ii) (stating that Attorney General may deny withholding of removal to petitioner who has "been convicted by a final judgment of a particularly serious crime").

Finally, the IJ denied Ugochukwu's request for deferral of removal under the CAT. He stated that Ugochukwu's 25-year history of deceiving the immigration services through his use of many aliases, along with his history of crimes involving "deception, fraud, deceit" and "complete disregard of the laws of the United States," made his assertion that he is a homosexual not credible. But, the IJ continued, even if he were a homosexual, he presented no evidence supporting his claim that he would face imprisonment and torture upon return to Nigeria. Ugochukwu appealed to the BIA challenging the IJ's denial of CAT relief. The BIA affirmed, adopting the IJ's findings that Ugochukwu's claim of homosexuality was not credible and that, in any event, he failed to prove that he would face imprisonment and torture upon return to Nigeria.

On appeal, Ugochukwu seeks review of the IJ's removal order on the ground that the IJ misevaluated his evidence of persecution. However, we lack jurisdiction to review the removal order on this ground. Under 8 U.S.C. § 1252(a)(2)(C), we are generally prohibited from reviewing orders to remove if the alien was convicted of an "aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii); *see also Calcano-Martinez v. INS*, 533 U.S. 348, 351 (2001); *Flores-Leon v. INS*, 272 F.3d 433, 437 (7th Cir. 2001), meaning, as pertinent here, a crime that "involves fraud or deceit in which the loss to the victim or victims exceeds $ 10,000," 8 U.S.C. § 1101(a)(43)(M)(i). We have jurisdiction to review only those portions of Ugochukwu's petition that raise "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(D)*; Mireles v. Gonzales*, 433 F.3d 965, 969 (7th Cir. 2006) (exercising jurisdiction to address petitioner's "constitutional claims or questions of law" under 8 U.S.C. § 1252(a)(2)(D) while recognizing lack of jurisdiction over other claims); *Hamid v.*

*Gonzales*, 417 F.3d 642, 645 (7th Cir. 2005) ("8 U.S.C. § 1252(a)(2)(D), gives us jurisdiction to review 'constitutional claims or questions of law'—such as [petitioner's] due-process claim—raised in a petition for review even if the petitioner is an aggravated felon." (citing *Gattem v. Gonzales*, 412 F.3d 758, 762-63 (7th Cir. 2005))).

There is abundant evidence here that Ugochukwu committed insurance fraud. Ugochukwu admitted to the IJ—and the record so reflects—that he pleaded guilty to insurance fraud and that the loss to his victims exceeded $ 10,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i). This evidence surpasses the deferential substantial evidence standard we use for reviewing factual matters. *See Uwase v. Ashcroft*, 349 F.3d 1039, 1041 (7th Cir. 2003). And since Ugochukwu does not challenge the IJ's determination that his conviction for insurance fraud constituted an aggravated felony, we lack jurisdiction to address any argument raised in his petition that does not implicate a "constitutional question" or "issue of law," *see* 8 U.S.C. § 1252(a)(2)(C); *Calcano-Martinez*, 533 U.S. at 351; *Flores*, 350 F.3d at 669.

Ugochukwu's main argument is that the IJ and BIA failed to evaluate adequately his proffered evidence that he, as a purported homosexual, faced imprisonment and torture upon return to Nigeria. Because this argument merely attacks "whether the [IJ or the BIA] correctly considered, interpreted and weighed the evidence presented," it is not a constitutional or legal challenge. *See Hamid*, 417 F.3d at 647; *see also Rashiah v. Ashcroft*, 388 F.3d 1126, 1131 (7th Cir. 2004). Accordingly, we do not have jurisdiction to review it. *See* 8 U.S.C. § 1252(a)(2)(C); *Mireles,* 433 F.3d at 969; *Hamid*, 417 F.3d at 647.

Ugochukwu, however, does make one claim that we have jurisdiction to address. In an undeveloped argument, he asserts that his due process rights were violated when a translator "incorrectly translated portions of petitioner's testimony leading to a misunderstanding by the Immigration Judge [and] the BIA." Although this claim constitutes a "constitutional question" which we may review, *see Nazarova v. INS*, 171 F.3d 478, 484 (7th Cir. 1999) ("A non-English-speaking alien has a due process right to an interpreter at her deportation hearing because, absent an interpreter, a non-English speaker's ability to participate in the hearing and her due process right to a meaningful opportunity to be heard are essentially meaningless."), it nevertheless fails. Ugochukwu does not point to any mistranslation that prejudiced his case, and the record shows that at the beginning of each hearing Ugochukwu himself told the IJ that he can understand English and speak it fluently. *See Kuqo v. Ashcroft*, 391 F.3d 856, 858 (7th Cir. 2004) ("[Petitioner's] claim founders on his inability to demonstrate either that the translation was actually flawed or that he was prejudiced by the allegedly ineffective translation.").

We accordingly DENY Ugochukwu's petition for review.