# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-2351

WALTER LEOPOLDO ESPINOZA-FRANCO,

*Petitioner*,

*v.*

JOHN ASHCROFT, Attorney General
of the United States,

*Respondent*.

On Petition for Review of an Order of the
Board of Immigration Appeals.
No. A35-917-417

ARGUED NOVEMBER 16, 2004—DECIDED DECEMBER 15, 2004
PUBLISHED JANUARY 3, 2005[Œ]

Before RIPPLE, EVANS, and SYKES, *Circuit Judges*.

PER CURIAM. Walter Leopoldo Espinoza-Franco was con-
victed under an Illinois statute of felony sexual abuse of his
daughter. The Immigration and Naturalization Service

---

[Œ] This decision was originally issued on December 15, 2004, as an
unpublished order. By the court's own motion, it is being reissued
as a *per curiam* opinion.

(now Department of Homeland Security) began proceedings against him, arguing that he is removable because he committed "sexual abuse of a minor"—an aggravated felony under the Immigration and Nationality Act. After a hearing, an Immigration Judge ordered his removal, and the Board of Immigration Appeals affirmed. Espinoza-Franco admits having committed the crime but argues that it is not an aggravated felony. Because the crime does constitute an aggravated felony, we dismiss his petition for review of the administrative proceedings for lack of jurisdiction.

Espinoza-Franco was born in Ecuador. He was admitted to the United States as a lawful permanent resident in 1978. He is married and has three daughters. In 1996 Espinoza-Franco pleaded guilty to one count of felony aggravated criminal sexual abuse, *see* 720 ILCS 5/12-16(b), for fondling his daughter Martha's leg for his own sexual gratification or arousal. There is no dispute that Martha was seven and later eight years old at the time of the incidents giving rise to the conviction. The indictment included three other counts of aggravated criminal sexual abuse—including a count that he caused Martha to touch his penis for the purpose of his sexual gratification and arousal—as well as one count of unlawful restraint of Martha. None of these other counts was prosecuted. Espinoza-Franco served three years' probation.

In 1999 the INS began removal proceedings against Espinoza-Franco for committing what it termed the aggravated felony of "sexual abuse of a minor," *see* 8 U.S.C. § 1101(a)(43)(A). Espinoza-Franco initially admitted removability and conceded that his crime constituted an aggravated felony. He later moved to retract his concession. Relying on *Solorzano-Patlan v. INS*, 207 F.3d 869, 873-75 (7th Cir. 2000), which established a generic definition of burglary because of disparity in state laws, Espinoza-Franco argued that his conviction under Illinois's relatively broadly defined statute should not be considered sexual abuse of a

minor under the Immigration and Nationality Act. The IJ rejected his motion as *Solorzano-Patlan* involves the term "crime of violence" and thus was not on point with Espinoza-Franco's crime of conviction.

Ordering Espinoza-Franco's removal as an aggravated felon, the IJ also denied his request for asylum, withholding of removal, and relief under the Convention Against Torture. Despite denying relief, the IJ decided that the crime was not a "particularly serious crime" of the kind that constitutes a statutory exception to eligibility for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). In May 2000 Espinoza-Franco filed a motion for reconsideration with the Executive Office for Immigration Review, arguing that we had recently changed the law defining "sexual abuse of a minor," by holding that consensual sex between an 18-year-old alien and his 16-year-old girlfriend was not an aggravated felony. *See United States v. Cruz-Guevara*, 209 F.3d 644, 647 (7th Cir. 2000). Espinoza-Franco reasoned that his crime must not be an aggravated felony if Cruz-Guevara's crime was not because, he maintained, Cruz-Guevara's was more serious since it involved penetration. The EOIR did not decide that motion, but it was forwarded to the Board of Immigration Appeals.

In May 2000 Espinoza-Franco appealed the IJ's order determining that he was an aggravated felon and denying withholding of removal and relief under the Convention Against Torture. Espinoza-Franco argued that the term "sexual abuse of a minor" must be defined by reference to 18 U.S.C. §§ 2243, 2246, to require the touching of "genitalia, anus, groin, breast, inner thigh, or buttocks." The INS cross-appealed the IJ's decision that Espinoza-Franco's conviction was not a "particularly serious crime."

The BIA dismissed Espinoza-Franco's appeal. The BIA explained that we had already rejected the argument that sexual abuse of a minor should be defined by reference to

any particular statute. *See Lara-Ruiz v. INS*, 241 F.3d 934 (7th Cir. 2001). The BIA added that Espinoza-Franco's proposed definition would "impose an unnecessarily restrictive definition of 'sexual abuse of a minor.'" Next, the BIA rejected Espinoza-Franco's argument that he should not be considered an aggravated felon under *Cruz-Guevara*, 209 F.3d at 647, because Espinoza-Franco's crime of abusing his seven-year-old daughter was much more severe than consensual sex between the teenagers in *Cruz-Guevara*. The BIA decided that Espinoza-Franco's crime was an aggravated felony under *Matter of Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 995 (BIA 1999), which defined sexual abuse of a minor by reference to 18 U.S.C. § 3509 to include "'the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.'" The BIA determined that Espinoza-Franco failed to carry his burden under the Convention Against Torture of establishing the likelihood that he would be tortured if returned to Ecuador. Last, the BIA sustained the government's cross-appeal and determined that Espinoza- Franco's crime was a "particularly serious crime," reasoning that crimes of sexual abuse against children involve a heightened risk of violence and noting that Espinoza-Franco's crime violated his daughter's trust.

In his petition for review, Espinoza-Franco argues that he has not committed an aggravated felony because the Illinois sexual abuse law that was the basis for his conviction is broader than the definition of "sexual abuse of a minor" under the Immigration and Nationality Act. Specifically, he contends that Illinois's law is an outlier, and he would not have been convicted for "merely" rubbing a child's leg under most other states' laws and the federal law criminalizing sexual abuse of a minor, *see* 18 U.S.C. §§ 2241-48. Because immigration law demands uniformity, *see* U.S. Const. art. I,

§ 8, cl. 4, he urges us to enumerate basic elements of the crime to craft a single definition consistent with the majority of states and the federal law. He proposes a definition that would require touching "intimate parts," like genitalia, etc., and that would overrule the BIA's definition (which adopts § 3509 by reference).

Congress has stripped us of jurisdiction to review an order removing an alien who commits an "aggravated felony," *see* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii), which is defined to include "sexual abuse of a minor," *see* 8 U.S.C. § 1101(a)(43)(A). Nevertheless, we retain jurisdiction to consider the limited question of whether we have jurisdiction—that is, whether Espinoza-Franco has been convicted of an aggravated felony under § 1101(a)(43)(A). *Lara-Ruiz*, 241 F.3d at 939; *Guerrero-Perez v. INS*, 242 F.3d 727, 730 (7th Cir. 2001). Similarly, we retain jurisdiction over cases where there has been a substantial violation of an alien's constitutional rights, although such an assertion of jurisdiction is an "exceptional procedure" to be invoked sparingly. *Lara-Ruiz*, 241 F.3d at 939 (quoting *Singh v. Reno*, 182 F.3d 504, 510 (7th Cir. 1999)).

Espinoza-Franco's arguments notwithstanding, we have already declined to adopt a "formal definition" enumerating the elements of "sexual abuse of a minor" under the Immigration and Nationality Act. *See United States v. Martinez-Carillo*, 250 F.3d 1101, 1104 (7th Cir. 2001) (comparing *Solorzano-Patlan*, 207 F.3d at 874 with *Lara-Ruiz*, 241 F.3d at 942). Instead, we have held that Congress intended the phrase "sexual abuse of a minor" to broadly incorporate all acts that fall within the "ordinary, contemporary, and common meaning of the words." *Martinez-Carillo*, 250 F.3d at 1104; *see Lara-Ruiz*, 241 F.3d at 940; *accord United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000); *United States v. Baron-Medina*, 187 F.3d 1144, 1146-47 (9th Cir. 1999). Indeed, we have already rejected Espinoza-Franco's argument that sexual abuse of a minor

must be defined by reference to §§ 2241-48 instead of § 3509. *See Lara-Ruiz*, 241 F.3d at 942.

To determine whether a state conviction fits the Immigration and Nationality Act's definition of the crime, we apply what is called the "categorical approach." Under this approach, we identify the crime at issue by looking at the elements of the statute and the indictment together and then decide whether that crime constitutes sexual abuse of a minor. *See Taylor v. United States*, 495 U.S. 575 (1990); *Martinez-Carillo*, 250 F.3d at 1104; *Lara-Ruiz*, 241 F.3d at 941. Here, Espinoza-Franco was convicted under a statute that criminalizes an act of sexual conduct on a family member younger than 18. 720 ILCS 5/12-16(b). When the victim is under 13, sexual conduct means touching any part of the victim's body for the purpose of sexual gratification or arousal. 720 ILCS 5/12-12(e). Espinoza-Franco's indictment charges him with fondling his daughter Martha's leg for his own sexual gratification or arousal. Although the indictment does not say that Martha was seven and later eight at the time of the incidents giving rise to the charge and conviction, we have approved looking beyond the indictment to determine the victim's age so long as doing so would not require an evidentiary hearing. *Lara-Ruiz*, 241 F.3d at 941. Martha's age at the time of the crime is undisputed.

This circuit and others have held that state statutes and crimes similar to Espinoza-Franco's constitute sexual abuse of a minor. *Cf. Flores-Leon v. INS*, 272 F.3d 433, 435, 439 n.4 (7th Cir. 2001) (touching any part of the body of a child under 13-years-old for sexual arousal or gratification was an aggravated felony, *see* 720 ILCS 5/12-16(c)(1)(I)). The Ninth Circuit has held, for instance, that touching, with lewd intent, any part of the body of a child under 14 constitutes sexual abuse of a minor under the Immigration and Nationality Act. *Baron-Medina*, 187 F.3d at 1147; *see also Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065-67 (9th Cir. 2003); *United States v. Pallares-Galan*, 359 F.3d 1088,

1099-1100 (9th Cir. 2004). Indeed, several circuits have not required any physical contact at all. *Zavala-Sustaita*, 214 F.3d at 604-07; *see Bahar v. Ashcroft*, 264 F.3d 1309, 1310-13 (11th Cir. 2001) (holding that "taking indecent liberties" with a child under 16 for sexual gratification constitutes sexual abuse of a minor, even without physical contact). Even misdemeanor crimes of sexual abuse on minors can constitute aggravated felonies under § 1101(a)(43)(A). *Guerrero-Perez*, 242 F.3d at 736-37, *reh'g denied*, 256 F.3d 546 (7th Cir. 2001); *Matter of Small*, 23 I. & N. Dec. 448, 450 (BIA 2002) (citing cases). Accordingly, Espinoza-Franco's crime fits squarely within the ordinary meaning of sexual abuse of a minor, and fondling any part of Martha's body with a lewd intent seems particularly serious considering her young age. *See Pallares-Galan*, 359 F.3d at 1100.

Espinoza-Franco's remaining arguments also lack merit. First, he cannot show that the BIA's decision violated the constitutional rule of uniformity in immigration and naturalization laws, *see* U.S. Const. art. I, § 8, cl. 4, or his equal protection rights, because his crime fits the definition of sexual abuse of a minor applied by federal courts. Next, although Espinoza-Franco argues that the BIA committed due process violations by impermissibly looking beyond the charging documents to consider police reports alleging that he abused his daughter Veronica in addition to abusing Martha, the BIA simply noted those accusations and did not factor them into its analysis, so there was no due process violation.

Because we hold Espinoza-Franco is an aggravated felon whose petition fails to raise a substantial violation of his constitutional rights, we DISMISS his petition for lack of jurisdiction.

A true Copy:

      Teste:

                    _____
                    *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*