**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAUL JERONIMO RIOS,

Petitioner,

v.

ALBERTO R. GONZALES, *

Respondent.

No. 04-9550
(Agency No. A 73-373-499)
(Petition for Review)

**ORDER AND JUDGMENT** **

Before **EBEL**, **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Raul Jeronimo Rios is a native and citizen of Nicaragua who was granted lawful permanent resident status in Colorado in 1997.  On February 27, 2003, he was convicted by the State of Colorado of "Sex Assault-10-year age difference," in violation of Colo. Rev. Stat. Ann. § 18-3-402(1)(e).  Admin. R. at 108.  A notice to appear was filed to initiate removal proceedings on September 30, 2003.   Id. at 128.  An immigration judge (IJ) ruled that petitioner's conviction constituted an aggravated felony within the meaning of the Immigration and Nationality Act (INA), and that he should be removed to Nicaragua.  The Board of Immigration Appeals (Board) affirmed without opinion. Petitioner petitions for review of the agency's decision.

Because the Board affirmed without opinion, the IJ's decision is the final agency decision.  Admin. R. at 2; 8 C.F.R. § 1003.1(e)(4)(ii).  The IJ's determination that petitioner committed an aggravated felony within the meaning of the INA implicates the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C).   See Khalayleh v. INS  , 287 F.3d 978, 979 (10th Cir. 2002). Because this case is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, however, we have jurisdiction

to determine whether the jurisdictional bar applies.    See Tapia Garcia v. INS,
237 F.3d 1216, 1219-20 (10th Cir. 2001).

Petitioner argues on appeal that: (1) the IJ erred in determining that his conviction was an aggravated felony because it was a misdemeanor under state law; (2) the IJ's "child abuse" analysis should not apply to his state conviction; and (3) the IJ erred by relying on documents underlying the conviction.

In support of his arguments, petitioner asserts that he was charged as being deportable under 8 U.S.C. § 1227(a)(2)(E)(i), Pet'r Br. at 11 & n.1, 16, which covers "[d]omestic violence, stalking, and child abuse." Contradicting that assertion, the notice to appear clearly states that petitioner was charged with having been convicted of an aggravated felony under "Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act) [codified at 8 U.S.C. § 1227(a)(2)(A)(iii)] . . . in that, at any time after admission, [petitioner was] convicted of an aggravated felony as defined in section 101(a)(43) of the Act [codified at 8 U.S.C. § 1101(a)(43)]." Admin. R. at 128. Section 1101(a)(43)(A) defines an aggravated felony to include "murder, rape, or sexual abuse of a minor." The IJ's decision plainly states that petitioner was deportable because his state conviction for sexual assault of a minor constituted "sexual abuse of a minor" and was therefore an aggravated felony within the meaning of the INA,

that is, 8 U.S.C. § 1101(a)(43)(A).    See Admin. R. at 87. [1]  In addition, petitioner

asserts that "sexual abuse of a minor" is defined by 18 U.S.C. § 2243, Pet'r Br.

at 22, but the IJ explicitly relied on the definition in 18 U.S.C. § 3509(a)(8),

which the Board adopted in    In re Rodriguez-Rodriguez   , 22 I. & N. Dec. 991,

995-996 (BIA 1999), Admin. R. at 87.

The IJ's decision stands or falls on the reasons the IJ actually stated.    See

Mickeviciute v. INS   , 327 F.3d 1159, 1162-63 (10th Cir. 2003).  Petitioner does

not address or challenge the reasoning upon which the IJ relied, however, and we

therefore will not disturb the IJ's conclusion that petitioner committed an

aggravated felony within the meaning of the INA.

In addition, petitioner's argument that his state conviction for a

misdemeanor cannot constitute an aggravated felony under the INA is without

merit.  "'Aggravated felony' is a term of art created by Congress to describe a

class of offenses that subjects aliens convicted of those offenses to certain

disabilities."   United States v. Robles-Rodriguez    , 281 F.3d 900, 902 (9th Cir.

2002) (citing H.R. Rep. No. 101-681(I), at 147 (Sept. 5, 1990),      reprinted in  1990

U.S.C.C.A.N. 6472, 6553).  Thus, "'[a]ggravated felonies' are not necessarily a

subset of felonies; for instance, an offense classified by state law as a

---

[1]     The IJ inadvertently cited INA § 101(a)(42)(A), which is codified at
8 U.S.C. § 1101(a)(42)(A), but there is no question that he meant to cite INA
§ 101(a)(43)(A), which is codified at 8 U.S.C. § 1101(a)(43)(A).

-4-

misdemeanor can be an 'aggravated felony' . . . if the offense otherwise conforms to the federal definition of 'aggravated felony' found in 8 U.S.C. § 1101(a)(43)." Id. at 903; see also Espinoza-Franco v. Ashcroft, 394 F.3d 461, 465 (7th Cir. 2005) (per curiam); United States v. Gonzales-Vela, 276 F.3d 763, 766-768 (6th Cir. 2001). As already noted, petitioner has not challenged the IJ's reasons for his determination that petitioner's conviction fell within 8 U.S.C. § 1101(a)(43)(A).

Finally, petitioner's argument that the IJ should not have relied on a document underlying his conviction to determine the victim's age is frivolous. The statute of conviction showed that the victim was a minor and that the conviction fell within the scope of 18 U.S.C. § 3509(a)(8). Compare Colo. Rev. Stat. Ann. § 18-3-402(1)(e) with 18 U.S.C. § 3509(a)(2).

We conclude that we lack jurisdiction over this petition for review because petitioner was convicted of an aggravated felony within the meaning of the INA. See Khalayleh, 287 F.3d at 979. Petitioner's counsel is admonished that his apparent disregard for the accuracy of his factual and legal arguments is a disservice to both court and client and that future dereliction may result in disciplinary action.

Petitioner seeks leave to proceed in forma pauperis on appeal. In order to succeed on his motion, he must show both an inability to pay the filing fee and

the existence of a nonfrivolous issue that states a claim on which relief can be granted.  See 28 U.S.C. § 1915(a)(1) & (e)( 2);    Coppedge v. United States   , 369 U.S. 438, 445 (1962);    Ragan v. Cox  , 305 F.2d 58, 60 (10th Cir. 1962).  We conclude that petitioner has not raised a nonfrivolous issue on appeal.

Petitioner's application to proceed in forma pauperis is denied, and we order him to pay all appellate filing fees as directed by the Clerk of Court.  The petition for review is DISMISSED.

Entered for the Court

Michael W. McConnell
Circuit Judge