In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――――

No. 12-2353

ALBERTO VELASCO-GIRON,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent.*

―――――――――

Petition for Review of an Order of the
Board of Immigration Appeals

―――――――――

ARGUED NOVEMBER 29, 2012 — DECIDED SEPTEMBER 26, 2014

―――――――――

Before POSNER, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A removable alien who has lived in the United States for seven years (including five as a permanent resident) is entitled to seek cancellation of removal unless he has committed an "aggravated felony." 8 U.S.C. §1229b(a)(3). Alberto Velasco-Giron, a citizen of Mexico who was admitted to the United States for permanent residence, became removable after multiple criminal convic-

tions. An immigration judge, seconded by the Board of Immigration Appeals, concluded that one of these convictions is for "sexual abuse of a minor", which 8 U.S.C. §1101(a)(43)(A) classifies as an aggravated felony, and that Velasco-Giron therefore is ineligible even to be considered for cancellation of removal. In reaching that conclusion, the agency used as a guide the definition of "sexual abuse" in 18 U.S.C. §3509(a)(8) rather than the one in 18 U.S.C. §2243(a). See *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991 (BIA 1999) (en banc); *Matter of V-F-D*, 23 I&N Dec. 859 (BIA 2006).

The conviction in question is for violating Cal. Penal Code §261.5(c), which makes it a crime to engage in sexual intercourse with a person under the age of 18, if the defendant is at least three years older. The Board has held that this offense constitutes "sexual abuse of a minor". Velasco-Giron was 18 at the time; the girl was 15; but the Board makes nothing of these ages, and it asks (so we too must ask) whether the crime is categorically "sexual abuse of a minor." The Board's affirmative answer stems from §3509(a)(8), which defines "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children". Elsewhere the Criminal Code defines a "minor" as a person under 18. See 18 U.S.C. §§ 2256(1), 2423(a).

The Board equates "child" with "minor"; Velasco-Giron does not argue otherwise. Instead he contends that the Board should use §2243(a), which defines "sexual abuse of a minor" as engaging in a "sexual act" (a phrase that includes fondling as well as intercourse) with a person between the

ages of 12 and 15, if the offender is at least four years older. The offense under Cal. Penal Code §261.5(c) does not satisfy that definition categorically—and Velasco-Giron's acts don't satisfy it specifically (the age gap of 18 to 15 is three years).

If the Immigration and Nationality Act supplied its own definition of "sexual abuse of a minor," ours would be an easy case. But it does not. That's why the Board had to choose, and the possibilities include §3509(a)(8), §2243(a), a few other sections in the Criminal Code, and a definition of the Board's invention. Section 1101(a)(43)(A) specifies that the category "aggravated felony" includes "murder, rape, or sexual abuse of a minor". The Board noted in *Rodriguez-Rodriguez* that Congress could have written something like "murder, rape, or sexual abuse of a minor (as defined in section 2243 of title 18)" but did not do so—though other sections do designate specific federal statutes. See, e.g., 8 U.S.C. §1101(a)(43)(B): "illicit trafficking in a controlled substance (as defined in section 802 of title 21), including a drug trafficking crime (as defined in section 924(c) of title 18)". The Board stated that, because Congress chose to use a standard rather than a cross-reference, it would be inappropriate for the Board to adopt §2243(a) as the sole definition; §3509(a)(8) is more open-ended, which the Board saw as a better match given the legislative decision not to limit the definition by cross-reference.

A case such as Velasco-Giron's shows one reason why. The offense under Cal. Penal Code §261.5(c) is a member of a set that used to be called "statutory rape"; it fits comfortably next to "rape" in §1101(a)(43)(A); but adopting §2243(a) as an exclusive definition would make that impossible. What's more, to adopt §2243(a) as the only definition would be to

eliminate the possibility that crimes against persons aged 11 and under, or 16 or 17, could be "sexual abuse of a minor." (Recall that §2243(a) deals only with victims aged 12 to 15.)

When resolving ambiguities in the Immigration and Nationality Act—and "sexual abuse of a minor" deserves the label "ambiguous"—the Board has the benefit of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), under which the judiciary must respect an agency's reasonable resolution. See, e.g., *Scialabba v. Cuellar de Osorio*, 134 S. Ct. 2191, 2203 (2014); *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999). We have considered the Board's approach to "sexual abuse of a minor" five times, and each time we have held that *Rodriguez-Rodriguez* takes a reasonable approach to the issue. See *Lara-Ruiz v. INS*, 241 F.3d 934, 939–42 (7th Cir. 2001); *Guerrero-Perez v. INS*, 242 F.3d 727, 735 n.3 (7th Cir. 2001) (also accepting the Board's conclusion that a crime that a state classifies as a misdemeanor may be an "aggravated felony" for federal purposes); *Espinoza-Franco v. Ashcroft*, 394 F.3d 461 (7th Cir. 2004); *Gattem v. Gonzales*, 412 F.3d 758, 762–66 (7th Cir. 2005); *Gaiskov v. Holder*, 567 F.3d 832, 838 (7th Cir. 2009).

Velasco-Giron maintains that sexual intercourse with a person under 18, by someone else at least three years older, is not "sexual abuse of a minor." We could reach that conclusion, however, only if the Board exceeded its authority in *Rodriguez-Rodriguez* by looking to 18 U.S.C. §3509(a)(8) as the starting point for understanding "sexual abuse" and to 18 U.S.C. §§ 2256(1), 2423(a) for the definition of a "minor" as a person under 18. Our five decisions holding that the approach of *Rodriguez-Rodriguez* is within the Board's discre-

tion foreclose Velasco-Giron's arguments, unless we are prepared to overrule them all—which he asks us to do.

He relies principally on *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), which held that the Board erred in treating a violation of Cal. Penal Code §261.5(c) as "sexual abuse of a minor." *Estrada-Espinoza* reached this conclusion because §261.5(c) does not satisfy the definition in 18 U.S.C. §2243(a), which requires a victim under the age of 16 and a four-year age difference. To justify adopting the definition in §2243(a), the Ninth Circuit rejected the Board's approach in *Rodriguez-Rodriguez*, holding, 546 F.3d at 1157 n.7, that it flunks Step One of *Chevron*—that is to say, an agency lacks discretion if Congress has made the decision and left no ambiguity for the agency to resolve. That's circular, however. If the court has already decided that the only proper definition comes from §2243(a), then of course there's no discretion for the Board to exercise. But the phrase "sexual abuse of a minor" that the Board must administer appears in 8 U.S.C. §1101(a)(43)(A), not 18 U.S.C. §2243(a), and §1101(a)(43)(A) is open-ended. Precision is vital in a criminal statute; it is less important in a civil statute such as §1101(a)(43)(A), and the Board was entitled to find that Congress omitted a statutory reference from §1101(a)(43)(A) precisely in order to leave discretion for the agency.

The Ninth Circuit also concluded that *Chevron* is inapplicable to *Rodriguez-Rodriguez* because the Board adopted a standard rather than a rule. We'll come back to this, but for now two points stand out. First, the Ninth Circuit did not identify any authority for its view that *Chevron* is limited to rules. It did cite *Christensen v. Harris County*, 529 U.S. 576 (2000), which holds that an opinion letter from an agency

does not come within *Chevron*, but that's a different point. *Christensen* is a precursor of *United States v. Mead Corp.*, 533 U.S. 218 (2001), which concluded that only regulations and administrative adjudications come within *Chevron*. *Rodriguez-Rodriguez* is an administrative adjudication with precedential effect; it is part of *Chevron*'s domain. Second, the Ninth Circuit's view that *Rodriguez-Rodriguez* did not adopt a "rule" misunderstands what the Board did. It decided to take the definition in §3509(a)(8) as its guide. The agency could have issued a regulation pointing to §3509(a)(8) or repeating its language verbatim, and it is hard to imagine that a court then would have said "not precise enough." True, §3509(a)(8) itself is open-ended; the Board needs to classify one state statute at a time, and the statutory language leaves room for debate about whether a particular state crime is in or out. Yet many statutes and regulations adopt criteria that leave lots of cases uncertain. If §3509(a)(8) is good enough to be part of the United States Code, why would an agency be forbidden to adopt its approach?

At all events, it would not be possible for us to follow *Estrada-Espinoza* without overruling *Lara-Ruiz* and its four successors, for they hold that *Rodriguez-Rodriguez* is indeed entitled to respect under *Chevron* and is a permissible exercise of the Board's discretion. Nor are we the only circuit to reach that conclusion. *Oouch v. Department of Homeland Security*, 633 F.3d 119, 122 (2d Cir. 2011); *Mugalli v. Ashcroft*, 258 F.3d 52, 60 (2d Cir. 2001); and *Restrepo v. Attorney General*, 617 F.3d 787, 796 (3d Cir. 2010), all hold that *Rodriguez-Rodriguez* is entitled to *Chevron* deference. *Bahar v. Ashcroft*, 264 F.3d 1309, 1312 (11th Cir. 2001), also accepts *Rodriguez-Rodriguez*, though without explicit reliance on *Chevron*. Meanwhile the Fifth Circuit has held that, as a matter of federal law under

the Sentencing Guidelines, a "minor" in the phrase "sexual abuse of a minor" is a person under the age of 18. *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc). If that's so, then it would be hard to see a problem in using the same age line to identify "sexual abuse of a minor" for immigration purposes.

Our dissenting colleague observes (see page 16) that most states treat persons 16 and older as adults for the purpose of defining sex offenses. Yet 18 U.S.C. §2256(1) and §2423(a) define 18 as adulthood. A federal court may set aside administrative decisions that are contrary to law, but nothing permits us to reject agency decisions that follow the United States Code, no matter how many states use a different age demarcation. Our colleague's view that "[t]he question the Board should be addressing is the gravity of particular sexual offenses involving minors" (page 16) amounts to a conclusion that the Board's approach in *Rodriguez-Rodriguez* is a substantively bad policy. As we have observed, however, *Chevron* permits the Board to establish its own doctrines when implementing ambiguous statutes.

The dissent also maintains that the Board has departed from its own precedent by supposing that *Rodriguez-Rodriguez* adopted §3509(a)(8) as an exclusive test, rather than (as the Board put it in *Rodriguez-Rodriguez*) as a "guide." Yet the Board's decision in this case states that §3509(a)(8) is being used "*as a guide* in identifying the types of crimes that we would consider to constitute sexual abuse of a minor" (emphasis added). If the Board in some other case had classified Cal. Penal Code §261.5(c) (or another materially similar law) as *not* constituting "sexual abuse of a minor," then there would be a genuine concern about ad-

ministrative inconsistency, but our dissenting colleague does not identify any such divergence.

Nor does Velasco-Giron, who (unlike the dissent) does not contend that the Board has been self-contradictory or that it erred by choosing 18 as the age of majority. Quite the contrary, Velasco-Giron writes that the Board's disposition here "flowed … from" *Rodriguez-Rodriguez*. He acknowledges that the Board has followed its own precedent, which it established years before (in a decision enforced by *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006)), that a violation of Cal. Penal Code §261.5(c) entails "sexual abuse of a minor." That's why Velasco-Giron asks us to reject *Rodriguez-Rodriguez* and all of its sequels, as the Ninth Circuit did in *Estrada-Espinoza* (which overruled *Afridi*).

We promised to return to the question whether, as the Ninth Circuit believes, *Chevron* is inapplicable to standards. We cannot locate any such doctrine in the Supreme Court's decisions. Just this year, for example, the Court held that the EPA's implementation of a statute requiring each state to take account of how its emissions affect other states is covered by *Chevron*, even though the EPA's approach calls for the balancing of multiple factors, including cost. *EPA v. EME Homer City Generation, L.P.*, 134 S. Ct. 1584 (2014). Many similar examples could be given, including the National Labor Relation Board's vague (and shifting) specification of "unfair labor practices," which the Board has tried vainly since its creation in 1935 to reduce to a rule. The Board's definition of an "unfair labor practice" remains a standard, and ambulatory even by the standard of standards, but for all that one to which the Supreme Court consistently defers.

If more support were needed, *Aguirre-Aguirre* provides it. That decision reversed the Ninth Circuit for failing to accord *Chevron* deference to one of the Board's interpretive standards. An alien who committed a "serious nonpolitical crime" before entering the United States is ineligible for asylum. 8 U.S.C. §1231(b)(3)(B)(iii) (formerly §1253(h)(2)(C)). The Board has approached "serious nonpolitical crime" in common-law fashion, ruling one crime at a time that an offense does, or doesn't, meet this standard. It has not attempted to formulate a rule that would dictate the classification of all crimes. The Ninth Circuit was dissatisfied with the Board's approach, but the Supreme Court held it entitled to respect under *Chevron*. If the Board can define "serious nonpolitical crime" one case at a time, why can't it define "sexual abuse of a minor" one case at a time? Actually *Rodriguez-Rodriguez* does better than that, by drawing a precise age line at 18 and using §3509(a)(8) as a guide.

If what the Board did in *Aguirre-Aguirre* was enough, what it did in *Rodriguez-Rodriguez* was enough. When an agency chooses to address topics through adjudication, it may proceed incrementally; it need not resolve every variant (or even several variants) in order to resolve one variant. See, e.g., *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). This is "one of the earliest principles developed in American administrative law". *Almy v. Sebelius*, 679 F.3d 297, 303 (4th Cir. 2012).

Many judges dislike administrative adjudication because they think standards generated in common-law fashion are poorly theorized and too uncertain to give adequate notice to persons subject to regulation. Judge Friendly once held, for these reasons and others, that the NLRB must replace ad-

judication with rulemaking when it wants to announce rules of general application. *Bell Aerospace Co. v. NLRB*, 475 F.2d 485 (2d Cir. 1973). But the Supreme Court was not persuaded and unanimously concluded that an agency can choose freely between rules and standards, between rulemaking and adjudication. *NLRB v. Bell Aerospace Co.*, 416 U.S. 267 (1974). Since *Bell Aerospace* "[t]he Court has not even suggested that a court can constrain an agency's choice between rulemaking and adjudication". Richard J. Pierce, Jr., I *Administrative Law Treatise* §6.9 at 510 (5th ed. 2010).

Velasco-Giron proposes a more ambitious doctrine than the one Judge Friendly favored. He wants the Board not only to replace standards with rules but also to adopt rules that are complete and self-contained. In Velasco-Giron's view, until the Board has solved *every* interpretive problem in the phrase "sexual abuse of a minor," and shown how *every* possible state crime must be classified, it cannot decide how *any* state conviction can be classified. That requirement would be inconsistent with *Aguirre-Aguirre* and would send the Board on an impossible quest.

Immigration statutes are full of vague words, such as "persecution," and vague phrases such as "crime of moral turpitude." The Board has not found a way to solve every interpretive problem in these phrases and has chosen the common-law approach. Judges have failed to turn tort law into a set of rules; Holmes declared in *The Common Law* that they were bound to do so eventually, but more than 130 years have passed without the goal being nearer. Perhaps "sexual abuse of a minor" will prove equally intractable. Judges are not entitled to require the impossible, or even the answer they think best. Like the NLRB, the FTC, the SEC,

and many another agency, the BIA is a policy-making institution as well as a judicial one. It may choose standards as the best achievable policies. Just as judges do every day, the Board is entitled to muddle through.

The petition for review is denied.

POSNER, *Circuit Judge*, dissenting. The ground on which the petitioner was denied cancellation of removal (he does not deny that he was removable, because of a conviction for harassment and for violating an order of protection, see 8 U.S.C. §§ 1227(a)(2)(E)(i), (ii)) was that he had been convicted in California in 2005 of engaging in sexual intercourse with a girl who was not yet 18 and was more than three years younger than he. Cal. Penal Code § 261.5(c). She was in fact 15 and he 18, but the Board of Immigration Appeals did not consider the ages of either party to the sexual relationship. It relied entirely on the fact that the girl was under 18 and he more than three years older. She could have been one day short of her eighteenth birthday on the day when the relationship began and that day could have been his twenty-first birthday. The crime was punished as a misdemeanor under California law and according to his uncontradicted affidavit his only punishment was unsupervised probation. The crime was reported by the girl's father and the defendant pleaded guilty on his nineteenth birthday; the sexual relationship had been brief and consensual; that is another fact the Board ignored.

Now 26 years old, the petitioner has lived in the United States since the age of 14 and is a lawful permanent resident. The immigration judge said that "there are some extremely strong equities in this case." But the immigration statute precludes cancellation of removal of an alien who has been convicted of an "aggravated felony," defined (for this purpose) as including "murder, rape, or sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), and the immigration judge ruled that the California misdemeanor was "sexual abuse of a mi-

nor" and therefore a categorical bar to cancellation of re-moval. The Board of Immigration Appeals affirmed.

So what is "sexual abuse of a minor"? We are obliged to give a large measure of deference to the Board's definition of a term appearing in the immigration statutes. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999); *Arobelidze v. Holder*, 653 F.3d 513, 519 (7th Cir. 2011). But the Board has not defined "sexual abuse of a minor." True, it said in this case, quoting *In re Rodriguez-Rodriguez*, 22 I & N. Dec. 991, 995 (1999), that it *has* defined the term—defined it "as encompassing any of-fense that involves 'the employment, use, persuasion, in-ducement, enticement, or coercion of a child to engage in sexually explicit conduct or the rape, molestation, prostitu-tion, or other form of sexual exploitation of children, or in-cest with children.'"

Rejecting a very narrow definition (advocated by Rodri-guez-Rodriguez) of "sexual abuse of a minor" elsewhere in the federal criminal code, see 18 U.S.C. § 2243, the Board in *Rodriguez-Rodriguez* had taken the definition verbatim from a provision of the federal criminal code that defines the rights of child victims as witnesses. 18 U.S.C. § 3509(a)(8); see also *id.*, § 3509(a)(9), defining "sexually explicit conduct" very broadly. Read literally, the definition would encompass the petitioner's misdemeanor, because obviously he induced the girl to have sex with him. So if *Rodriguez-Rodriguez* had adopted the definition in section 3509(a)(8), as the Board in the present case said it had done (while also saying, as we'll see, that it hadn't), as the definition of "sexual abuse of a mi-nor" in the immigration statute, that would be the end of this case. But *Rodriguez-Rodriguez* had gone on to say that "in defining the term 'sexual abuse of a minor,' we are not

obliged to adopt a federal or state statutory provision" and "we are not adopting this statute as a definitive standard or definition but invoke it as a guide in identifying the types of crimes we would consider to be sexual abuse of a minor." 22 I & N Doc. at 994, 996. In other words, the Board found the definition useful given the facts of the *Rodriguez-Rodriguez* case (which are very different from the facts of the present case), but did not adopt it as the canonical definition of "sexual abuse of a minor."

The Board repeated these points, qualifying the status of the definition it had used in the earlier case, in the present case, and added that to derive the meaning of the words "sexual," "minor," and "abuse" in the aggravated-felony provision of the immigration statute it would look to the "ordinary, contemporary, and common meaning of the words" (and for this it cited our decision in *Espinoza-Franco v. Ashcroft*, 395 F.3d 461, 464–65 (7th Cir. 2005), quoting *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104 (7th Cir. 2001)). So neither in this case nor in *Rodriguez-Rodriguez* did the Board adopt either the definition in the federal criminal code or an alternative definition.

In *Rodriguez-Rodriguez* the specific offense of which the petitioner had been convicted was "indecency with a child by exposure" in violation of Texas law, and the Board had pointed to "the severity of the penalty" that the petitioner had received—10 years' imprisonment, the statutory maximum—as "demonstrat[ing] that Texas considers the crime to be serious. In consideration of these factors, we find that indecent exposure in the presence of a child by one intent on sexual arousal is clearly sexual abuse of a minor within the meaning of" the immigration statute. 22 I & N Doc. at 996.

So *Rodriguez-Rodriguez* did not define "sexual abuse of a minor" in the immigration statute to encompass *every* criminal sexual activity involving a minor, as section 3509(a)(8) of the federal criminal code seems to do. Instead it gave reasons pertinent to the case before it, in particular the severity of the punishment meted out by the state court, for concluding that the petitioner's particular criminal offense had been serious enough to merit designation as sexual abuse of a minor for purposes of immigration law. In the present case the Board gave no reason for its similar, but less plausible, conclusion. Given the language it quoted in this case from the earlier decision, it couldn't have thought that *Rodriguez-Rodriguez* had adopted the text of section 3509(a)(8) as the definition of "sexual abuse of a minor" in the immigration statute. But if it did think in its opinion in this case that *Rodriguez-Rodriguez* had done that, it was wrong, and was therefore misapplying Board precedent, and for that reason (among others) its decision could not stand. *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008); *Ssali v. Gonzales*, 424 F.3d 556, 564–66 (7th Cir. 2005); *Hernandez v. Ashcroft*, 345 F.3d 824, 846–47 (9th Cir. 2003). Treating the federal statute as merely a guide obliged the Board in this case to go beyond the definition of sexual abuse in the federal criminal code, and it failed to do that, the critical omission being a failure to consider the gravity of the petitioner's crime and punishment in relation to the crime and punishment in *Rodriguez-Rodriguez*.

Characteristically (see, e.g., *Benitez Ramos v. Holder*, 589 F.3d 426, 430 (7th Cir. 2009); *Miljkovic v. Ashcroft*, 376 F.3d 754, 756–57 (7th Cir. 2004)), the Justice Department tries to remedy the deficiencies of the Board's analysis by supplying reasons (including references to social science data) why the

petitioner's offense should be regarded as grave; in doing so the Department invites us to flout *SEC v. Chenery Corp.*, 318 U.S. 80 (1943).

The inadequacy of the Board's analysis would not be fatal if the correctness of the conclusion could not be questioned. (For then the Board's error would be harmless.) It could not be questioned if, for example, the petitioner had been convicted of a violent rape. But voluntary sexual intercourse between a just-turned 21 year old and an about-to-turn 18 year old (the premise of the Board's opinion, for it declined to consider the actual facts of the petitioner's misdemeanor) is illegal in only ten states; in the other forty states, the age of consent is either 16 or 17. The petitioner's sentence to unsupervised probation should tell us what California, though one of the ten, thinks of the gravity of his offense. The age of consent is 16 in a majority of the states (31) as well as in the Model Penal Code, § 213.3(1)(a). What century is the Board of Immigration Appeals living in? By age 17, 40 percent of American girls have had sexual intercourse. Guttmacher Institute, Fact Sheet, "American Teens' Sexual and Reproductive Health: Sexual Activity," May 2014, www.guttmacher.org/pubs/FB-ATSRH.html (visited Sept. 3, 2014).

One might have expected the Board to go with the majority view of the states. For remember that the Board does not regard the definition of sexual abuse in the federal criminal code as a straitjacket. It is merely a guide and all the other potential sources of guidance point in the opposite direction to the Board's ruling in this case. Besides the sources of guidance just mentioned, see, e.g., *United States v. Osborne*, 551 F.3d 718, 720–21 (7th Cir. 2009); *United States v. Lopez-Solis*, 447 F.3d 1201, 1207, 1209 (9th Cir. 2006). If a 10-year

prison sentence informs the Board's judgment of whether a sexual offense involving a minor should be deemed an aggravated felony, as we learn from *Rodriguez-Rodriguez* that it does, then a sentence of unsupervised probation should inform the Board's judgment as well, yet is not mentioned in the Board's opinion in this case.

Nor is this a case in which the immigration judge provided the analysis and the Board relied on it. The immigration judge provided no analysis but said merely that she was bound by *Rodriguez-Rodriguez* and that the petitioner's conviction "constitutes sexual abuse of a minor and although treated as a misdemeanor, under state law and in [Velasco-Giron's] case by its terms constitutes an aggravated felony under" the immigration statute. The passage I've just quoted is garbled, but implies that the Board has laid down a rule that any unlawful sexual activity involving a minor, however trivial, is an aggravated felony. It has never laid down such a rule.

The majority opinion misreads *Rodriguez-Rodriguez* as having adopted a rule that governs this case. The same misreading invalidates the Board's decision in this case.