12                                        No. 12-2353

POSNER, *Circuit Judge*, dissenting. The ground on which the petitioner was denied cancellation of removal (he does not deny that he was removable, because of a conviction for harassment and for violating an order of protection, see 8 U.S.C. §§ 1227(a)(2)(E)(i), (ii)) was that he had been convicted in California in 2005 of engaging in sexual intercourse with a girl who was not yet 18 and was more than three years younger than he. Cal. Penal Code § 261.5(c). She was in fact 15 and he 18, but the Board of Immigration Appeals did not consider the ages of either party to the sexual relationship. It relied entirely on the fact that the girl was under 18 and he more than three years older. She could have been one day short of her eighteenth birthday on the day when the relationship began and that day could have been his twenty-first birthday. The crime was punished as a misdemeanor under California law and according to his uncontradicted affidavit his only punishment was unsupervised probation. The crime was reported by the girl's father and the defendant pleaded guilty on his nineteenth birthday; the sexual relationship had been brief and consensual; that is another fact the Board ignored.

Now 28 years old, the petitioner has lived in the United States since the age of 14 and is a lawful permanent resident. The immigration judge said that "there are some extremely strong equities in this case." But the immigration statute precludes cancellation of removal of an alien who has been convicted of an "aggravated felony," defined (for this purpose) as including "murder, rape, or sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), and the immigration judge ruled that the California misdemeanor was "sexual abuse of a mi-

nor" and therefore a categorical bar to cancellation of re-moval. The Board of Immigration Appeals affirmed.

So what is "sexual abuse of a minor"? We are obliged to give some deference to the Board's definition of a term appearing in the immigration statutes. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999); *Arobelidze v. Holder*, 653 F.3d 513, 519–20 (7th Cir. 2011)**.** But the Board has not defined "sexual abuse of a minor." True, it said in this case, quoting *In re Rodriguez-Rodriguez*, 22 I&N Dec. 991, 995 (BIA 1999) (en banc), that it *has* defined the term—defined it "as encompassing any offense that involves 'the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.'"

Rejecting a very narrow definition (advocated by Rodriguez-Rodriguez) of "sexual abuse of a minor" elsewhere in the federal criminal code, see 18 U.S.C. § 2243, the Board in his case had taken the definition verbatim from a provision of the federal criminal code that defines the rights of child victims as witnesses. 18 U.S.C. § 3509(a)(8); see also 18 U.S.C. § 3509(a)(9), defining "sexually explicit conduct" very broadly. Read literally, the definition would encompass the petitioner's misdemeanor, because obviously he induced the girl to have sex with him. So if *Rodriguez-Rodriguez* had adopted the definition in section 3509(a)(8), as the Board in the present case said it had done (while also saying, as we'll see, that it hadn't), as the definition of "sexual abuse of a minor" in the immigration statute, that would be the end of this case. But *Rodriguez-Rodriguez* had gone on to say that "in defining the term 'sexual abuse of a minor,' we are not obliged

to adopt a federal or state statutory provision" and "we are not adopting this statute as a definitive standard or definition but invoke it as a guide in identifying the types of crimes we would consider to be sexual abuse of a minor." 22 I&N Dec. at 994, 996. In other words, the Board found the definition useful given the facts of the *Rodriguez-Rodriguez* case (which are very different from the facts of the present case), but did not adopt it as the canonical definition of "sexual abuse of a minor."

The Board in this case added that to derive the meaning of the words "sexual," "minor," and "abuse" in the aggravated-felony provision of the immigration statute it would look to the "ordinary, contemporary, and common meaning of the words" (and for this it cited our decision in *Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 464–65 (7th Cir. 2005), quoting *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104 (7th Cir. 2001)). So neither in this case nor in *Rodriguez-Rodriguez* did the Board adopt either the definition in the federal criminal code or an alternative definition.

In *Rodriguez-Rodriguez* the specific offense of which the petitioner had been convicted was "indecency with a child by exposure" in violation of Texas law, and the Board pointed to "the severity of the penalty" that the petitioner had received—10 years' imprisonment, the statutory maximum—as "demonstrat[ing] that Texas considers the crime to be serious. … In consideration of these factors, [the Board found] that indecent exposure in the presence of a child by one intent on sexual arousal is clearly sexual abuse of a minor within the meaning of" the immigration statute. 22 I&N Dec. at 996.

So *Rodriguez-Rodriguez* did not define "sexual abuse of a minor" in the immigration statute to encompass *every* criminal sexual activity involving a minor, as section 3509(a)(8) of the federal criminal code seems to do. Instead it gave reasons pertinent to the case before it, in particular the severity of the punishment meted out by the state court, for concluding that the petitioner's particular criminal offense had been serious enough to merit designation as sexual abuse of a minor for purposes of immigration law. In the present case the Board gave no reason for its similar, but less plausible, conclusion. Given the language it quoted in this case from the earlier decision, it couldn't have thought that *Rodriguez-Rodriguez* had adopted the text of section 3509(a)(8) as the definition of "sexual abuse of a minor" in the immigration statute. But if it did think *Rodriguez-Rodriguez* had done that, it was wrong, was therefore misapplying Board precedent, and for that reason (among others) its decision could not stand. *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008); *Ssali v. Gonzales*, 424 F.3d 556, 564–66 (7th Cir. 2005); *Hernandez v. Ashcroft*, 345 F.3d 824, 846–47 (9th Cir. 2003). Treating the federal statute as merely a guide obliged the Board in this case to go beyond the definition of sexual abuse in the federal criminal code, and it failed to do that, the critical omission being a failure to consider the gravity of the petitioner's crime and punishment in relation to the crime and punishment in *Rodriguez-Rodriguez*.

Characteristically (see, e.g., *Benitez Ramos v. Holder*, 589 F.3d 426, 430 (7th Cir. 2009); *Miljkovic v. Ashcroft*, 376 F.3d 754, 756–57 (7th Cir. 2004)), the Justice Department tries to remedy the deficiencies of the Board's analysis by supplying reasons (including references to social science data) for why the petitioner's offense should be regarded as grave; in do-

ing so the Department flouts *SEC v. Chenery Corp.*, 318 U.S. 80 (1943).

The inadequacy of the Board's analysis would not be fatal if the correctness of the conclusion could not be questioned (for then the Board's error would be harmless). It could not be questioned if, for example, the petitioner had been convicted of a violent rape. But voluntary sexual intercourse between a just-turned 21 year old and an about-to-turn 18 year old (the premise of the Board's opinion, for it declined to consider the actual facts of the petitioner's misdemeanor) is illegal in only eight states. The petitioner's sentence to unsupervised probation should tell us what California, though one of the eight, thinks of the gravity of his offense. The age of consent is 16 in a majority (34) of the states (including the District of Columbia) as well as in the Model Penal Code, § 213.3(1)(a). (The source of my statistics is Legal Age of Consent for Marriage and Sex for the 50 United States," http://globaljusticeinitiative.files.wordpress.com/2011/12/united-states-age-of-consent-table11.pdf (visited Sept. 24, 2014), as were the other websites cited in this opinion.) By age 17, 40 percent of American girls have had sexual intercourse. Guttmacher Institute, Fact Sheet, "American Teens' Sexual and Reproductive Health" (May 2014), www.guttmacher.org/pubs/FB-ATSRH.html.

The question the Board should be addressing is the gravity of particular sexual offenses involving minors, rather than assuming that any of them, however trivial, makes the perpetrator unfit to be allowed to live in the United States. Some are serious, some are trivial. Apparently California didn't think the petitioner's offense serious, classifying it as a misdemeanor and giving him a nominal sentence of unsu-

pervised probation. Although the girl was 15, the Board of Immigration Appeals, averse to making distinctions, treats the offense as if it involved a barely 21 year old man having sex with an almost 18 year old girl. It's difficult to imagine a more trivial sexual offense. California thinks it trivial. Why does the Board think it serious? How can the Board believe that for a 21-year-old man to have consensual sex with a girl one day shy of her 18th birthday renders the 21-year-old unfit to remain in the United States? Could we not at least ask the Board to explain why it thinks a minor misdemeanor sex offense is grounds for deportation? If a 10-year prison sentence informs the Board's judgment of whether a sexual offense involving a minor should be deemed an aggravated felony, as we learn from *Rodriguez-Rodriguez* that it does, then a sentence of unsupervised probation should inform the Board's judgment as well, yet it is not mentioned in the Board's opinion in this case.

Nor is this a case in which the immigration judge provided the analysis and the Board relied on it. The immigration judge provided no analysis but said merely that she was bound by *Rodriguez-Rodriguez* and that the petitioner's conviction "constitutes sexual abuse of a minor and although treated as a misdemeanor, under state law and in [Velasco-Giron's] case by its terms constitutes an aggravated felony under" the immigration statute. The passage I've just quoted is garbled, but implies that the Board has laid down a rule that any unlawful sexual activity involving a minor, however trivial, is an aggravated felony. It has never laid down such a rule.

The majority opinion misreads *Rodriguez-Rodriguez* as having adopted a rule that governs this case. The same misreading invalidates the Board's decision in this case.