# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-2745

———————————————

United States of America,

*Plaintiff - Appellant,*

v.

Arturo Leal-Monroy,

*Defendant - Appellee.*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: October 23, 2020
Filed: February 26, 2021

——————————

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

The government appeals an order of the district court dismissing an indictment that charged Arturo Leal-Monroy with illegal reentry to the United States under 8 U.S.C. § 1326(a), (b)(2). We conclude that the district court erred in ruling that Leal-Monroy made a sufficient showing to attack the deportation order that underlies the

charge in this criminal case. We therefore reverse and remand for further proceedings.

A grand jury in Minnesota charged Leal-Monroy in March 2018 with unlawful reentry into the United States after a previous removal from the country in 1998. *See* 8 U.S.C. § 1326(a), (b)(2). In 1997, Leal-Monroy was convicted of aggravated criminal sexual abuse in Illinois under 720 Ill. Comp. Stat. 5/12-16(c)(1)(i) (1996). Relying on this adjudication, an immigration court in Chicago found him removable in 1998 based on a conviction for an aggravated felony. Leal-Monroy moved to dismiss the unlawful reentry charge in 2018 on the ground that the entry of the previous order of removal in 1998 was fundamentally unfair. *See* 8 U.S.C. § 1326(d).

To defeat a charge of unlawful reentry by attacking the prior deportation order, a defendant must establish that the entry of the order was "fundamentally unfair." *Id.* § 1326(d)(3). This standard requires a showing that there was a fundamental procedural error in the removal proceeding that resulted in actual prejudice. *United States v. Espinal*, 956 F.3d 570, 574 (8th Cir. 2020). Actual prejudice means that but for the procedural error, there was a reasonable likelihood that the alien would not have been deported. *Id.* at 575.

The district court concluded that Leal-Monroy satisfied this standard. The court found fundamental procedural error because the immigration judge in 1998 allowed the attorney for the government to dictate the amount of Leal-Monroy's bail, and the judge and the government attorney allegedly provided misinformation about whether Leal-Monroy's prior conviction in Illinois was an aggravated felony. The court posited that if Leal-Monroy had been released on bail, then he "may have been able to secure counsel," and counsel could have presented a "potentially successful argument" that his prior conviction did not qualify as an aggravated felony. On this view, Leal-Monroy suffered actual prejudice, because without a conviction for an

-2-

aggravated felony, he would not have been removed.  For these reasons, the court dismissed the indictment charging unlawful reentry after a prior removal.

The government appeals, and argues that Leal-Monroy failed to establish actual prejudice.  Leal-Monroy defends the district court's rationale and asserts that if the removal proceeding had been conducted differently, then there was a reasonable likelihood that he could have defeated the government's contention that he was convicted of an aggravated felony.  The term "aggravated felony" includes "sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).  Leal-Monroy maintains that as of 1998, it was not established that his conviction in Illinois for aggravated sexual abuse constituted "sexual abuse of a minor" within the meaning of the immigration laws.

We reject this argument because there is no reasonable likelihood that any argument from counsel in 1998 would have succeeded in defeating the charge of removability.  In *Espinoza-Franco v. Ashcroft*, 394 F.3d 461 (7th Cir. 2005) (per curiam), the Seventh Circuit held that a conviction under 720 Ill. Comp. Stat. 5/12-16(b) (1996), which criminalized "an act of sexual conduct on a family member younger than 18," was a conviction for "sexual abuse of a minor."  *Id.* at 465.  The victim there was under 13 years of age, so the statute forbade as "sexual conduct" the touching of any part of the victim's body for the purpose of sexual gratification or arousal.  *Id.* (citing 720 Ill. Comp. Stat. 5/12-12(e) (1996)).  The court reasoned that the alien's conduct fit "squarely within the ordinary meaning of sexual abuse of a minor."  *Id.*

Leal-Monroy was convicted under another subsection of the same Illinois statute, 720 Ill. Comp. Stat. 5/12-16(c)(1)(i) (1996), which prohibited "an act of sexual conduct with a victim who was under 13 years of age."  Like the alien in *Espinoza-Franco*, Leal-Monroy was convicted for touching any part of a child's body for the purpose of sexual gratification or arousal.  *See* 720 Ill. Comp. Stat. 5/12-12(e) (1996).  It follows from *Espinoza-Franco* that Leal-Monroy, too, committed "sexual

abuse of a minor" under the immigration laws. Although the issue had not been litigated in the federal court of appeals as of 1998, the speculative possibility that an immigration court within the Seventh Circuit would have decided it incorrectly is insufficient to demonstrate actual prejudice. And even if there were a reasonable likelihood of a mistaken ruling by the immigration court, that potential would not make the proceeding fundamentally unfair. Leal-Monroy had no right to receive "a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993).

Leal-Monroy argues alternatively that he could have sought relief from removal if the immigration proceeding had been conducted differently. He cites the potential for a waiver of inadmissibility and for withholding of removal. We see no reasonable likelihood that such relief would have been granted or that Leal-Monroy would have avoided removal.

The Attorney General may, in his discretion, waive provisions making an alien inadmissible to the United States if the Attorney General is satisfied that the alien's denial of admission would result in extreme hardship to a lawfully present spouse, parent, or child of the alien. 8 U.S.C. § 1182(h)(1)(B). Leal-Monroy's theory seems to be that his conviction for a crime involving moral turpitude (sexual abuse of a minor) rendered him inadmissible, and a waiver of that inadmissibility would allow him to adjust his status to lawful permanent resident and avoid removal. This argument has several shortcomings.

First, a waiver of inadmissibility is not available to an alien who is facing removal; the statute "limits waivers to aliens who seek a visa, admission, or an adjustment of status." *Palma-Martinez v. Lynch*, 785 F.3d 1147, 1149 (7th Cir. 2015). Leal-Monroy was removable because he had sustained a conviction for an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). He was not an alien applying for readmission to the country or seeking adjustment of status, so he would not have

benefited from a waiver of inadmissibility. *See Kilic v. Barr*, 965 F.3d 469, 472 (6th Cir. 2020).

Second, if we nonetheless assume that Leal-Monroy could have applied for adjustment of status, *cf. Snajder v. INS*, 29 F.3d 1203, 1207 (7th Cir. 1994), and that a waiver could have helped him to avoid removal, there is no reasonable likelihood that he would have been eligible to obtain one. Leal-Monroy says that the waiver was warranted because his family was likely to suffer "extreme hardship" as a result of his removal. *See* 8 U.S.C. § 1182(h)(1)(B). This relief is unavailable, however, to an alien like Leal-Monroy who had been convicted of an aggravated felony. *Id.* § 1182(h); *see Guerrero-Perez v. INS*, 242 F.3d 727, 737 (7th Cir. 2001).

Leal-Monroy argues that an aggravated felony makes an alien ineligible for the waiver only if the alien "has previously been admitted to the United States as an alien lawfully admitted for permanent residence," 8 U.S.C. § 1182(h), and that he was not so admitted. *See Papazoglou v. Holder*, 725 F.3d 790, 793-94 (7th Cir. 2013). Rather, he asserts, he adjusted his status to lawful permanent resident *after* he entered the United States, so he could still qualify for a waiver of inadmissibility despite the aggravated felony. The record reflects, however, that Leal-Monroy entered the country on an immigrant visa, R. Doc. 45-1, which provides for lawful permanent residence in the United States. *See United States v. Idowu*, 105 F.3d 728, 731 (D.C. Cir. 1997). There is no evidence that his immigration status ever changed; the district court found only that he was a permanent legal resident in March 1998, not that he changed his status after entering on the visa. R. Doc. 81, at 2-3; R. Doc. 69, at 2; R. Doc. 67, at 3:22-25. Leal-Monroy was therefore ineligible for a waiver of inadmissibility, because he was lawfully admitted for permanent residence and then convicted of an aggravated felony. *See* 8 U.S.C. § 1182(h).

Third, even if Leal-Monroy had been eligible for a waiver of inadmissibility, there is no reasonable likelihood that he would have received one as a matter of the

Attorney General's discretion. The statute required a showing that his family would suffer "hardship substantially different from and more severe than that suffered by the ordinary alien who is deported." *Palmer v. INS*, 4 F.3d 482, 487-88 (7th Cir. 1993) (quoting *Sanchez v. INS*, 755 F.2d 1158, 1161 (5th Cir. 1985)). Economic detriment and emotional hardship caused by severing ties are common results of deportation and thus generally insufficient to establish extreme hardship. *Id.* at 488. In the immigration court, Leal-Monroy cited only the fact that he provided some financial support to his three children and that his mother was sick. He did not augment the record in this criminal case with further evidence of hardship, so the record shows only "ordinary" adversity. The case for a favorable exercise of discretion was further weakened by Leal-Monroy's recent conviction for sexual abuse of a minor. *See id.* at 489-90. Accordingly, there was no actual prejudice based on the possibility of a waiver under § 1182(h).

On withholding of removal, Leal-Monroy argues that it was more likely than not that he would have been persecuted in Mexico based on his membership in a particular social group. *See* 8 U.S.C. § 1231(b)(3)(A). Even assuming that he was not ineligible for this relief as an alien convicted of a "particularly serious crime," *see id*. § 1231(b)(3)(B)(ii); *Estrada-Martinez v. Lynch*, 809 F.3d 886, 889, 892-93 (7th Cir. 2015), there is no reasonable likelihood that he could have met the requirements for relief. Leal-Monroy presented no evidence that he belongs to a cognizable social group or that he would have been persecuted in Mexico as a result. There is thus no reasonable likelihood that an immigration court in 1998 would have granted withholding of removal.

Leal-Monroy argues finally that the Immigration and Naturalization Service in 1998 might have exercised its discretion to dismiss the removal proceeding if Leal-Monroy had retained counsel and confronted the government with a vigorous defense. This speculative possibility is insufficient to establish actual prejudice when there is no reasonable likelihood that the alien had a meritorious defense to removal.

For these reasons, Leal-Monroy may not challenge in this criminal case the validity of the immigration court's underlying deportation order from 1998. *See* 8 U.S.C. § 1326(d). The order dismissing the indictment is therefore reversed, and the case is remanded for further proceedings.

_____